[Civ. No. 1051.    Third Appellate District.—February 19, 1913.]

## S. C. LILLIS, Appellant, v. SILVER CREEK AND PANOCHE LAND AND WATER COMPANY (a Corporation), et al., Respondents.

WATER-RIGHT APPURTENANT TO LAND—ACTION BY PURCHASER TO REFORM CONTRACT—PRESUMPTION OF NOTICE.—In an action by the purchaser of land with an appurtenant water-right to have the contract for the use of water, made between his grantor and the defendants, reformed for mistake in expressing the quantity of water agreed upon, it will not necessarily be presumed that the plaintiff, "as a man of ordinary business capacity," made his purchase after examination of the record title and hence with knowledge of the terms of the agreement.

ID.—FAILURE OF PURCHASER TO EXAMINE RECORDS AS BARRING RIGHT TO HAVE CONTRACT REFORMED.—The right of the purchaser to have the contract reformed for mistake in expressing the quantity of water agreed upon is not necessarily forfeited by his failure to examine the contract, which was of record, before buying, if his grantors had used the amount of water claimed from the date of the contract, and were using that amount when he purchased the premises, and he thereafter continued to use it until his discovery of the mistake.

ID.—DISCOVERY OF FRAUD OR MISTAKE—STATUTE OF LIMITATIONS—PLEADING.—If in such action subdivision 4 of section 338 of the Code of Civil Procedure, providing that an action on the ground of fraud or mistake must be commenced within three years after the discovery thereof, is relied upon, it is not sufficient for the pleader to aver the mere discovery of the fact within three years, nor mere ignorance of the fact at the time of its occurrence, but he must allege the facts, time, and circumstances so that the court may determine from the allegations of the complaint whether or not the discovery was within the period mentioned.

ID.—RECORD AS NOTICE OF FRAUD OR MISTAKE.—The fact that the contract was on record before the plaintiff purchased the premises, and for over three years before he commenced the action, is not alone sufficient to charge him with notice of the fraud or mistake so as to put the statute of limitations in operation.

ID.—RIGHT TO REFORMATION NOT DEPENDENT UPON ACTUAL INJURY.—If
the parties to the contract intended that it should convey the right
to seventy-five miner's inches, and by mistake only seventy-five cubic
inches were conveyed, the right to have the contract reformed does
not necessarily depend upon a showing of actual injury.

APPEAL from a judgment of the Superior Court of
Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Sutherland & Barbour, for Appellant.

Briggs & Hudner, and L. L. Cory, for Respondents.

CHIPMAN, P. J.—This is an action for the reformation
of a certain contract for the use of water which, by alleged
mutual mistake, was made to read "75 cubic inches flowing
per second," whereas it should have read "75 miner's in-
ches"; that the right to take said last mentioned amount of
water be declared to be an appurtenance to land described in
the complaint, to wit, lots 1, 2, 6, 7, and 10 in section 15,
township 15 south, range 12 east, Mount Diablo base and
meridian; that defendants be forever enjoined from inter-
fering with plaintiff's use of said water on his said land and,
pending the action, that defendants be restrained from inter-
fering with plaintiff in removing the obstruction which it is
alleged defendants have placed in the ditch conveying said
water to plaintiff's land.

The demurrers of the respective defendants to plaintiff's
amended complaint were sustained, and plaintiff failing fur-
ther to amend, judgment passed for defendants, from which
plaintiff appeals.

The grounds of the demurrers are: 1. That the facts al-
leged are insufficient to constitute a cause of action; 2. That
two causes of action are improperly united, to wit, one to
reform a contract and one for violation of contract, and are
not separately stated; 3. That there is a nonjoinder of par-
ties in that William J. Hayes is a necessary defendant; 4.
That the action is barred by subdivision 4 of section 338 of
the Code of Civil Procedure, and subdivision 1 of section 337,
and by section 343 of the Code of Civil Procedure.

It is alleged in the amended complaint: That plaintiff is the owner in fee and entitled to the possession of certain land in Fresno County, above described, and as such owner is the successor in interest of one William J. Hayes, now deceased, and has succeeded to the entire title and interest of said Hayes in the land and appurtenances; that plaintiff is also the owner and entitled to the use and possession, of an appurtenance to said land, "of the right to take and use upon said land, the water of Panoche Creek flowing in the certain water ditch or canal beginning at Panoche Creek in section 16, township 15 south, range 12 east, and running in a northeasterly direction on the land of the plaintiff above described, to the extent of seventy-five (75) miner's inches of said water."

"IV.   That the right to use said water became and was an appurtenance to said land by virtue of an agreement entered into on the 3d day of March, 1904, between the defendant, Silver Creek and Panoche Land and Water Company, and William J. Hayes, predecessor in title of the plaintiff herein as aforesaid; and that said agreement is in the words and figures following, to wit":

Then follows, *in haec verba,* a copy of an agreement, dated March 3, 1904, between defendant The Silver Creek and Panoche Land and Water Company (hereinafter referred to as the Panoche Water Company) and W. J. Hayes. It recites that the Panoche Water Company is the owner of a certain water ditch or canal "beginning at Panoche Creek" and running as above described "on lands of the second party" (the lands above referred to) ; that for the purpose of settling certain differences which have arisen between the parties, "it is hereby understood and agreed that the second party is entitled to use upon any portion of said land the water flowing in first party's canal from said Panoche Creek at all times when the quantity of water flowing therein does not exceed 75 cubic inches flowing per second when the same reaches the land of said second party"; second party grants to first party all of his right to the waters of said creek in excess of seventy-five cubic inches flowing per second and a right of way for said ditch over the land of second party; said seventy-five cubic inches of water to be used by second party, it is agreed, shall flow in said ditch or canal and "first

party is to place a gate or weir in said canal and ditch at a point near the dividing line between said lots 6 and 7 sufficient in dimension and by means of which said 75 cubic inches of water as aforesaid may be diverted from said ditch or canal upon the lands of said party of the second part''; whenever second party is not using said seventy-five cubic inches of water, the same shall be allowed to flow down said canal of first party.

This agreement was duly executed and acknowledged and was recorded on November 2, 1905. It is alleged that at and before the execution of said agreement said defendant, the Panoche Water Company, and said Hayes ''intended that said contract or said written memorandum thereof should mean, and that the legal consequence thereof should be, that said Hayes should be entitled to take from said canal or ditch and for use upon said land, water to the amount and quantity of seventy-five (75) miner's inches thereof''; that through the mutual mistake of said parties to said written agreement, said agreement does not truly express the intention of said parties or what were intended to be its legal consequences; that said parties intended that said agreement should give to said Hayes the perpetual right to take from said canal and use upon said land, ''all the water flowing in said canal from Panoche Creek at all times when the quantity of water flowing therein does not exceed seventy-five (75) miner's inches when the same reaches the land then owned by said Hayes and now owned by plaintiff as aforesaid; that it was not the intention of said parties that the expression '75 cubic inches flowing per second' should be used in said agreement in defining the quantity of water to which said Hayes should be entitled to divert; that said words were written in said agreement by mutual mistake of the parties thereto,'' in lieu of which said words their intention was to use the words ''75 miner's inches.'' It is then alleged that, pursuant to said agreement ''and in conformity with the real intention of the parties thereto, as hereinbefore set forth and alleged, and ever since the execution of said agreement, and down to the second day of January, 1910, the plaintiff and his predecessor in title have taken water from said main ditch or canal for the irrigation of the land of plaintiff above described; that during all of the said period said water has

been diverted from said main water ditch or canal through and by means of a lateral ditch sufficient in size to carry seventy-five (75) miner's inches of water; and that said water and said quantity thereof has been diverted through and by means of said lateral ditch and used by plaintiff and his said predecessor in title during the irrigating season in each year since the execution of said contract, and whenever said water has been needed for the irrigation of the land now owned by plaintiff as aforesaid''; that on plaintiff's said land there is now growing about thirty acres of alfalfa and that there is now needed and will continue to be needed water for the purpose of irrigating said alfalfa and other crops and that water therefor cannot be procured from any other source and unless water is allowed to flow through said ditch in quantity and amount as aforesaid the said alfalfa will be destroyed and plaintiff suffer irreparable damage; that defendant, Belmore Land and Water Company (hereinafter called the Belmore Water Company) has or claims to have succeeded to the rights and interest of defendant, said Panoche Water Company, in and to the ditch or canal above described and defendant, Bank of Hollister, has or claims to have, but without right, a lien upon the interest of said Panoche Water Company; that both said defendants, the Belmore Water Company and Bank of Hollister, ''acquired and took such interest as they possess in and to the ditch or canal described in paragraph III of this second amended complaint and in the agreement set forth in paragraph IV of said complaint, with full knowledge and notice of the right of plaintiff to take water therefrom as hereinabove alleged and with full knowledge and notice that the true intention of the parties to said agreement between William J. Hayes and the defendant, Silver Creek and Panoche Land and Water Company, was as set forth in paragraphs V and VI of this second amended complaint.''

"XI.    That unless restrained by order of the court, the defendant, Belmore Land and Water Company, without any right, and against the will of the plaintiff, erected an obstruction in said lateral ditch, at the point where the same diverts water from said main water ditch or canal, by reason of which water was and now is prevented from passing from the said main water ditch or canal to the land of the plaintiff above

described; and that by reason of such obstruction to the flow of water plaintiff has been deprived of all water necessary to irrigate said alfalfa  . . .

"XI.   That unless restrained by order of the court, the defendant will continue to prevent the flow of water from said main water ditch or canal and into said lateral ditch, and that the plaintiff has no plain, speedy or adequate remedy at law in the premises."

"XII.   That the facts constituting the said mistake were not discovered by the plaintiff, nor by any predecessor in title of the plaintiff, more than three years prior to the commencement of this action; that said facts and said mistake were discovered by the plaintiff on or about the 2d day of January, 1910, and said facts and said mistake were unknown to the plaintiff and to his predecessors in title prior to said date."

It is conceded that the action was commenced March 15, 1910. It does not appear from the complaint when plaintiff became the owner of the land and its appurtenances. It is stated in the brief of respondent, The Panoche Water Company, that at the argument in the lower court, and is not now denied, plaintiff admitted that he purchased the property after said agreement was recorded. This fact, whatever may be its significance, would seem to follow as a just inference from the rule that the pleader is presumed to have stated his case most strongly in his favor. We do not think, however, as is claimed in the brief of respondents, that it must be presumed that appellant "as a man of ordinary business capacity made his purchase after full examination of title and record thereof and consequently made his purchase with full knowledge of the terms of the agreement" which "gave the right to Hayes of only 75 cubic inches of water per second."

It is by no means unusual for purchases of land to be made without a "full examination," or aided by any examination, of the record title. This agreement was recorded in "Vol. 51 of covenants" and not the volume of deeds. Plaintiff may have been satisfied with the title as represented by the grantor. So far as the water-right is concerned, he alleges that his grantor had used the amount claimed from the date of said agreement and was using that amount of water when plaintiff purchased the land and that plaintiff thereafter con-

tinued so to use it until January 2, 1910, when he made his discovery of the alleged mistake. Finding the water in use on the land, which he now claims, he might even "as a man of ordinary business capacity," without necessarily forfeiting his rights to reform his deed for fraud or mistake, assume that the title to the land carried with it the water in use on it.

The objection principally urged is that the action is barred by subdivision 4 of section 338 of the Code of Civil Procedure, which provides that an action for relief on the ground of fraud or mistake must be commenced within three years after the discovery by the aggrieved party of the facts constituting the fraud or mistake. Contending counsel agree that, for the purposes of the demurrer under said section, "fraud and mistake are in the same category," and that the decisions applicable to the one are applicable to the other. Appellant also concedes that respondents correctly state the rule as follows: "that it is not sufficient for the pleader to aver the mere discovery of the fact within three years, nor mere ignorance of the fact at the time of its occurrence, but he must allege the facts, time and circumstances so that the court may determine from the allegations of the complaint whether or not the discovery was within the period mentioned." This concession dispenses with the necessity of quoting from the cases supporting the rule as thus stated. (*Castro* v. *Geil*, 110 Cal. 295, [52 Am. St. Rep. 84, 42 Pac. 804]; *People* v. *Blankenship*, 52 Cal. 619; *People* v. *Noyo Lumber Co.*, 99 Cal. 459, [34 Pac. 96]; *Lady Washington C. Co.* v. *Wood*, 113 Cal. 482, [45 Pac. 809]; *Burling* v. *Newlands*, 112 Cal. 500, [44 Pac. 810].) In the case of *Tarke* v. *Bingham*, 123 Cal. 163, [55 Pac. 759], it was said: "That it is not sufficient for the plaintiff in such an action merely to plead or prove his ignorance at one time and his discovery or knowledge at another, and that, where he is required to plead it is incumbent upon him to show diligence, and that he has not failed to avail himself of sources of information of which he had knowledge, and to investigate which was a duty incumbent upon him. This is but the declaration of the equitable rule enunciated in section 19 of the Civil Code: 'Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the

fact itself in all cases in which by prosecuting such inquiry, he might have learned such fact.' ''

The argument of respondents is that the agreement was of record when appellant purchased and was constructive notice of its provisions; that the quantity of water is mentioned therein nine separate times and could not have escaped notice had appellant examined the instrument which it was his duty to do before purchasing; that having this means of knowedge he was as a prudent man put upon inquiry and had he prosecuted it he would have learned the fact. The equitable rule, as declared in section 19 of the Civil Code, presupposes that the person has ''actual notice of circumstances sufficient to put a prudent man upon his inquiry as to a particular fact,'' in this case *the* particular fact. The particular fact here was the quantity of water appurtenant to the land. The circumstance relied on by respondents is the recording of the agreement. Obviously, that alone is not sufficient, for, if sufficient notice, no contract could be reformed after the lapse of three years from the date of its recordation, no matter what the real intention of the parties was.

''The recording of an instrument is not required in order to charge the parties thereto with notice of its contents, but for an entirely different purpose. Having executed it they are presumed to know its provisions, and if the mere recording of an instrument is to be considered as notice, then the grantee may always set the statute of limitations in motion by filing the instrument in the proper office. No such rule has been recognized by courts of equity.'' (*American Min. Co.* v. *Basin etc. Min. Co.,* 39 Mont. 476, [24 L. R. A. (N. S.) 305, 104 Pac. 525]; *Forsyth* v. *Easterday,* 83 Neb. 887, [89 N. W. 409]; *Hart* v. *Walton,* 9 Cal. App. 502, [99 Pac. 719].)

''When accompanied by certain circumstances sufficient to put a person of ordinary intelligence or prudence upon inquiry, which if pursued would lead to a discovery of the fraud, the statute begins to run from the recording of the deed, but not otherwise.'' (*Jones* v. *Danforth,* 71 Neb. 722, [99 N. W. 495].)

Assuming the truth of the averments in the complaint, as we must on demurrer, the circumstances here were calculated to silence all inquiry. Hayes, the grantee of the right, went

21 Cal. App.—16

into the immediate possession and use of the water granted and continued its use until taken up by his grantee, plaintiff, who continued its use until the discovery, and this discovery was brought about by the act of the grantor, for the first time during this period, asserting any right under its literal construction of the agreement. In this agreement the grantor was "to place a gate or weir in said canal and ditch at a point near the dividing line between said lots 6 and 7 (plaintiff's land) sufficient in dimensions and by means of which said 75 cubic inches of water as aforesaid may be diverted from said canal and ditch upon the lands of said party of the second part." In keeping this covenant defendant, the Panoche Water Company, must have either placed a gate of dimensions sufficient to pass seventy-five miner's inches instead of seventy-five cubic inches, or have allowed its grantee to do so, otherwise he and his successor in interest could not have done what it is alleged they did, to wit, appropriate and use seventy-five miner's inches of water. We are clearly of the opinion that the circumstances were not such as to put plaintiff upon inquiry in the sense implied by the rule enunciated in section 19 of the Civil Code.

The facts alleged to be lacking in the complaint to make it sufficient are thus stated: a, that it does not appear when plaintiff claims to have acquired title to the land and water. Plaintiff claims as the successor in interest of Hayes and admits, what may justly be inferred from the complaint, that he acquired title after the agreement was recorded; b, that it is not expressly averred that there ever has been seventy-five cubic inches or seventy-five miner's inches of water flowing in the canal from Panoche Creek. Plaintiff avers that, pursuant to said agreement, the plaintiff and his predecessor in title have taken water from said main ditch for the irrigation of said land through a ditch of capacity sufficient to carry seventy-five miner's inches of water "and that said water and said quantity has been diverted through and by means of said lateral ditch and used by plaintiff and his predecessor in title during the irrigating season in each year since the execution of said contract." The contract gives plaintiff the right to use the water flowing through said canal when it does not exceed the quantity named and the excess is reserved to the Panoche Water Company's use. It would thus appear

to be no particular concern of plaintiff what the quantity might be; c, that plaintiff had no knowledge or notice of any mistake in the contract as to the amount of water to which he was entitled as Hayes's successor. Plaintiff states that said mistake was not discovered by him or his predecessor until January 2, 1910. The point has already been considered; d, nor has he alleged that because of any mistake he has been damaged or injured. It is shown by the complaint that the water was intended to be used on the land for irrigating purposes; that to be deprived of it would work irreparable injury. The quantity mentioned in the contract would hardly be sufficient to find its way through a ditch during the irrigating season and the difference between seventy-five cubic inches and 75 miner's inches is so great as to import damage. Besides, if the parties intended that the contract should convey the right to 75 miner's inches and by mistake only seventy-five cubic inches were conveyed, the right to reform the contract would not necessarily depend upon showing actual injury.

Our conclusion is that the complaint is sufficient to withstand the general demurrers and that the statute of limitations applicable does not bar the action.

The judgment is reversed, with directions to overrule the demurrers.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1913.