[L. A. No. 3964.   Department Two.—September 15, 1917.]

M. L. WICKS, Jr., Appellant, v. RAMPART BOULEVARD
COMPANY (a Corporation), and UNION TRUST AND
REALTY COMPANY (a Corporation), Respondents.

VENDOR AND VENDEE—MISREPRESENTATION—EXISTENCE OF STREET—
EVIDENCE.—Evidence examined and found to support findings in
favor of the defendant in an action based on allegations by plain-
tiff that he had purchased a lot relying upon representations (sup-
ported by a map) that a street had been dedicated as a high-
way and would in time be opened to public use, when the fact was
that such representations, if made, had been made without authority
from the owner of the tract or his authorized agent.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Chas. Wellborn, Judge.

The facts are stated in the opinion of the court.

Geo. S. Hupp, and Frank C. Hill, for Appellant.

Lewis W. Andrews, Thomas O. Toland, Andrews, Toland &
Andrews, and Cedric E. Johnson, for Respondents.

HENSHAW, J.—Plaintiff sued, alleging that defendant,
Rampart Boulevard Company, had sold to him a lot in a tract
upon the representation, evidenced by a map, that a street
(Second Street) between Coronado Street and Rampart
Boulevard, in the city of Los Angeles, had been dedicated as
a public highway and would in time be opened to the use
of the public as a highway.   After trial the court found
against plaintiff's contentions and he appeals from the judg-
ment and from the order denying his motion for a new trial.

Plaintiff upon the trial testified that after visiting the tract
of land he found thereon one Nolan, who represented himself
as the agent of the selling agents of the tract, and that Nolan
gave him a map showing the division of the tract into lots and
the streets which were to traverse the tract.   On this map was
delimited Second Street.   He made his payment on the pur-
chase price of the lot and entered into a contract for the pur-
chase which afterward he fulfilled.   Years passed and the
defendant manifested no intention to open the street, where-

fore he brought this action to have his rights in it defined.
The defendant Boulevard Company by its evidence showed
that it owned this tract; that the real estate firm of Strong &
Dickinson was engaged by it to secure purchasers after it had
prepared its official map (official in the sense that it was
adopted by the corporation defendant, the owner of the land,
and filed for record), which official map was to show the lots
and their prices and the public streets.   Strong & Dickinson
were also interested as owners or part owners in an adjoining
tract known as "Rampart Heights Division B."   Without
authority from defendant, Rampart Boulevard Company, or
its officers, and even without their knowledge, Strong & Dick-
inson prepared an advertising map combining the tract in
which they were interested with an unauthorized plat of the
lands of the defendant corporation.   This unauthorized map
purported to show Second Street to be a public street as con-
tended for by plaintiff.   It was a copy of this unauthorized
map which was delivered by Nolan to plaintiff.   Nolan, how-
ever, had no authority to bind either Strong & Dickinson or
the defendant, Rampart Boulevard Company.   Strong &
Dickinson never gave to Nolan any copies of this unauthorized
map.   He secured them without their knowledge from their
office, and when they knew that he had possession of some of
them they went to his place of business, gathered up all that
could be found and destroyed them.   Moreover, the writing
which Wicks received from Nolan when he made his deposit
on account of the purchase price declared expressly that it
was not a contract of sale.   The evidence shows that to enter
into such a contract it became necessary for the plaintiff to
call upon Strong & Dickinson, and he did so.   In the negotia-
tions with Mr. Dickinson which resulted in the executory con-
tract of sale into which Mr. Wicks finally entered, the official
map of the tract was before the parties.   This official map
showed that there was no such street as Second Street, and the
contract which was entered into made express reference to
this official map.   Thereafter, the plaintiff with the consent of
the defendant owner of the land abandoned this executory
contract and negotiated with the defendant for a new pur-
chase, a purchase embracing less land than that called for by
his original contract.   Under this arrangement the earlier
contracts were surrendered and he took a deed to one lot as

delineated upon the official map, the plaintiff upon this matter himself testifying that the original contracts were all surrendered at the time he accepted his deed and that before he got his deed he knew that the recorded map referred to in his contract and in his deed did not show that the disputed strip was a street and did show it as being two lots; that at the time he took his deed he made no objection to having the property deeded by reference to the map; "I was not counting on a street; all I counted on myself was a cross-walk."

Though the evidence discloses more than this, here is enough to support the finding which the court made against plaintiff's contention. This finding is of determinative consequence and renders unnecessary the consideration of any other proposition the appellant advances.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Shaw, J., concurred.