[Civ. No. 564. Fourth Appellate District.—December 11, 1931.]

JOHN D. CAMERON, Respondent, v. EVANS SECURITIES CORPORATION (a Corporation) et al., Appellants.

Clyde C. Downing and Preston Turner for Appellants.

Raymond Thompson, McFadden & Holden and Leo J. Friis for Respondent.

JENNINGS, J.—The appeal herein is taken by the defendants from a judgment rescinding and canceling a written contract for the purchase and sale of certain real property. The amended complaint contains three causes of action separately stated. In the first cause of action it is alleged that defendants made certain representations to plaintiff respecting the area in square feet of the property which was sold to plaintiff, the freedom of the property from any encumbrances other than a specified trust deed covering a portion of it, the inclusion within the boundaries of the property of all and every part of certain poultry-houses, pens and equipment, the cost of erecting the dwelling-house and the poultry-houses and equipment which were standing on the premises and the quality of the land. It is stated that each of such representations was falsely and fraudulently made with intent to deceive plaintiff and that plaintiff relied upon them and was thereby induced to enter into the contract for the purchase of the property. The second cause of action alleges the representation made falsely and fraudulently by defendants with intent to deceive plaintiff, that the premises comprised a tract of land of certain specified measurements. The third cause of action alleges that the property was sold by reference to an unrecorded map in violation of certain penal statutes. To the amended complaint and to each of the three causes of action and to certain paragraphs of the first cause of action defendants demurred on the ground that neither the complaint as a whole nor any one of the causes of action nor the specified paragraphs of the first cause of action stated facts sufficient to constitute a cause of action. The demurrer was overruled by the court. Defendants thereupon answered specifically and fully denying the various allegations of false and fraudulent representations contained in the amended complaint. Upon trial of the issues thus raised judgment was rendered in plaintiff's favor.

Among the various errors relied upon by appellants as warranting a reversal of the judgment, it is first con-

tended that the demurrer to the amended complaint was improperly overruled. It is urged that the pleading contains no allegation that the alleged false and fraudulent representations were known to be false and fraudulent by appellants or by either of them. This, it is said, constitutes a fatal defect. The precise question was decided adversely to appellants' contention in the case of *Spreckels* v. *Gorrill*, 152 Cal. 383 [92 Pac. 1011], wherein it was held that an allegation that certain statements were "falsely and fraudulently" made implied that they were untrue and that the person who made them either knew that they were false or made them in a manner not warranted by the information which he possessed. It was pointed out that the alleged defect might have been held fatal if the objection had been raised by special demurrer for uncertainty, but decided that, in the absence of such special demurrer specifically attacking the defect, the allegation would be held sufficient after a decision upon the merits. ▌ Appellants make the novel contention that because the demurrer, obviously general, was interposed to each cause of action it therefore became special. Such a contention may not be sustained. A general demurrer does not become special by reason of the fact that it attacks each one of several causes of action on the general ground that each of such causes of action fails to state facts which constitute a cause of action. A special demurrer, as its name indicates, calls attention to some particular defect in a pleading, as for example, an alleged uncertainty specifying in what respect it is claimed the allegation attacked is uncertain (*Krieger* v. *Feeny*, 14 Cal. App. 538 [112 Pac. 901]). ▌ Objection is also made that certain other defects which it is claimed appear on the face of the amended complaint entitled appellants to an order sustaining the demurrer. Among the allegations which are thus attacked are those relating to the cost of improvements upon the property and the quality of the soil and its freedom from alkali. It is urged that representations as to such matters constitute mere expressions of opinion and may not form the basis of an action which is predicated upon fraud. It is also pointed out that the amended complaint alleges that respondent made an examination and inspection of the premises at the time he entered into the agreement which he now seeks to rescind. Such an

allegation, it is said, conclusively negatives his claim that he relied upon the various representations whose falsity he maintains entitles him to rescind the agreement. But, as heretofore pointed out, the demurrer which was interposed was general and not special and, therefore, if in any cause of action or in the amended complaint taken in its entirety, there is a sufficient allegation of a false and fraudulent representation as to a single material fact made with intent to deceive, the court's order overruling the demurrer must be sustained. At least one such allegation is contained in the specification of false representation by appellants that the property was free from all encumbrances other than a certain deed of trust, whereas it is alleged that in addition to the encumbrance mentioned, a portion of the property was also subject to a certain mortgage described in the amended complaint.

It is next urged that the trial court erred in denying appellants' motion for a nonsuit after respondent had presented his case and had rested. It is pointed out that the evidence produced by respondent had shown that after he had been in possession of the property for a period of three months appellants exercised an option reserved in the contract and executed a deed to the property to respondent and took back from respondent his promissory note for the unpaid balance due them on the purchase price and a deed of trust on the property to secure the payment of the note. Attention is called to the fact that respondent himself testified that he first learned of the fraud which he claimed had been practiced on him on December 13, 1927, the very day on which he executed the note for the unpaid balance and the trust deed to secure its payment and that for a period of two months thereafter he continued to make the monthly payments on the original deed of trust by which the property was encumbered when the contract was entered into between the parties in compliance with his agreement. By his action in this regard it is contended that respondent waived any right that he might have had to rescind the contract on the ground of fraud and by continuing to make the payments on the original deed of trust for two months after discovery of the fraud, it is said that he is estopped from claiming the remedy of rescission. It is to be observed that the testimony of respondent is in conflict as to the

precise date on which he discovered the fraud since in one part of his testimony he stated that he learned of it on December 13, 1927, and in another part he testified that he first learned of the fraud on December 24, 1927. The court found that he first made the discovery on December 24, 1927, and we must therefore conclude that this is the correct date. The selection of the later date obviates any claim that respondent waived his right to rescind by his action in executing the deed of trust to secure the unpaid balance due appellants under his contract of purchase. ■ It remains to consider the legal effect of his continuing to make payments on the original deed of trust for two months after he learned of the fraud. So far as can be gleaned from the record the original deed of trust was one in which the beneficiary was the Pacific Coast Building and Loan Association. In this connection it is pertinent to observe that respondent's testimony shows and the court in conformity therewith found that respondent did not discover the falsity of the representation respecting the nonexistence of any encumbrance other than the deed of trust in which the Building and Loan Association was named as beneficiary until after the action was instituted when he learned for the first time that a portion of the property was also subject to a mortgage. Thereafter, it appears, respondent filed his amended complaint in which is contained the allegations respecting the false representation as to freedom of the property from encumbrance other than the deed of trust. Even if it should be conceded, therefore, that respondent by continuing to make the monthly payments had waived his right to rescind the contract on the ground of the falsity of those representations which he had discovered on December 24, 1927, he is nevertheless not precluded from seeking cancellation on the basis of the falsity of a material allegation which he did not discover until a much later date (*Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701 [262 Pac. 730]). ■ Appellants urge, however, that, since the evidence establishes that the mortgage was recorded, the means of knowledge were open to respondent, and that, having failed to avail himself of sources of information that were known to him, he may not take advantage of his own lack of diligence. The rule in this connection is stated in *Tarke* v. *Bingham*, 123 Cal. 163 [55 Pac. 759, 760], in the following

language: "Where no duty is imposed by law upon a person to make inquiry, and where under the circumstances 'a prudent man' would not be put upon inquiry, the mere fact that means of knowledge are open to a plaintiff and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery. The circumstances must be such that inquiry becomes a duty and the failure to make it a negligent omission." Later decisions have approved this rule. (*Spreckels* v. *Gorrill, supra; Teague* v. *Hall*, 171 Cal. 668 [154 Pac. 851]; *French* v. *Freeman*, 191 Cal. 579 [217 Pac. 515]; *Lillis* v. *Silver Creek etc. Water Co.*, 21 Cal. App. 234 [131 Pac. 344].) In this connection, it is to be observed that the trial court made a finding "That the plaintiff, as an ordinarily prudent man, examined said premises, and made inquiries concerning them, and that he discovered nothing that caused him to disbelieve defendants' false and fraudulent representations and statements and was ignorant of their falsity." The evidence is sufficient to support the finding, therefore respondent was under no duty to investigate public records for the purpose of ascertaining whether or not the representation that the premises were further encumbered was true. ■ But even if it be conceded that the contention of appellants in this regard is correct, nevertheless the payment by respondent of monthly installments due on the trust deed after discovery of the falsity of representations other than that concerning encumbrances upon the property did not constitute affirmance of the transaction which would bar his action for rescission since he was entitled to make such payments for the purpose of preserving the property (*Munson* v. *Fishburn*, 183 Cal. 206 [190 Pac. 808]).

■ The contention is also made that respondent's delay in taking action to rescind for more than two months after discovery of the alleged fraud constituted a waiver of the right to rescission. To this contention a number of answers are immediately apparent. In the first place, it is to be remembered that the trial court expressly found that there was no discovery of the representation in regard to encumbrances until after the suit was brought. In the second place, evidence was introduced during the trial which showed that on December 24, 1927, the day on which the court

found that respondent first discovered the falsity of repre-. sentations other than the representation respecting encumbrances, respondent consulted an attorney with a view to taking action to rescind. In his testimony in this connection respondent stated that the attorney whom he first consulted delayed taking action because of the pressure of other business until finally on February 19, 1928, respondent demanded his papers and consulted another attorney. Ten days thereafter notice of rescission by respondent was served on appellants. Rescission is an equitable remedy and while it is true that the party who seeks to make use of it must act promptly upon discovery of the fraud on which he bases his right to rescission, it is equally true that there is no rigid rule designating a definite period within which the right to rescind must be exercised (*Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701 [262 Pac. 730]). Whether there has been such delay in taking action to rescind as to deprive a complainant of the remedy depends upon the circumstances that are developed by the evidence. It is therefore primarily a question to be decided by the trial court upon the facts presented (*Davis* v. *Butler*, 154 Cal. 623 [98 Pac. 1047]). Under the circumstances which appear herein we are not prepared to say that there was such unreasonable delay by respondent in taking action to rescind that the trial court was required to find that respondent was guilty of laches.

Appellants further contend that by failing after February 15, 1928, to make the monthly payments on the trust deed in which the Pacific Coast Building and Loan Association was beneficiary and by permitting the property to be sold by the holder of the trust deed, respondent had placed himself in a position where it was impossible for him to return the property should rescission be ordered. It appears, however, from the record herein that respondent made six monthly payments on account of the trust deed; that the last payment was made by him on February 15, 1928; that no payment was due at the time he gave written notice of rescission on February 29, 1928; that on February 29, 1928, he made to appellant F. O. Evans, president of appellant Evans Securities Corporation, a formal offer to restore and tendered a deed to the property. Subdivision 2 of section 1691 of the Civil Code provides that the party rescinding must restore to the other party everything of

value received by him under the contract or must offer to restore it upon condition that such party shall do likewise. We know of no rule of law that imposes upon one who seeks to rescind a contract on the ground of fraud, the duty of preserving the subject matter of the contract after notice of rescission and offer of restoration. The rule is that offer of restoration accompanied by prompt and proper notice to rescind is sufficient to entitle a complainant to the remedy of rescission. (*Loaiza* v. *Superior Court*, 85 Cal. 11 [20 Am. St. Rep. 197, 9 L. R. A. 376, 24 Pac. 707]; *Green* v. *Duvergey*, 146 Cal. 379 [80 Pac. 234].) In *Kelley* v. *Owens*, 120 Cal. 502 [47 Pac. 369, 52 Pac. 797], relied upon by appellants, the Supreme Court expressly found that there was no valid offer of restoration even after the suit was brought. The case of *Delta Land & Water Co.* v. *Perry*, 57 Cal. App. 314 [207 Pac. 393], cited by counsel as authority for the proposition that the duty rests upon a rescinding party to preserve property, the subject matter of the contract, after notice of rescission does not so hold.

It is urged that the court erred in admitting certain specified testimony over the objections of appellant. It is particularly insisted that error was committed in admitting the testimony of a witness for respondent relative to the reputation of appellant F. O. Evans for truth, honesty and integrity in the community in which such appellant was engaged in business. It is not questioned that such evidence is competent under the provisions of section 2051 of the Code of Civil Procedure, but it is said that certain questions propounded of the witness were not in the proper form. It appears from the record that the witness was asked if he had discussed the reputation of appellant Evans for truth, honesty or integrity with persons residing in the city of Fullerton. This question was permitted to be answered over the objection that it was incompetent, irrelevant and immaterial. While it may be true that such an inquiry would more properly be made on cross-examination we can perceive no reason why it may not be made on direct examination as a foundation for the ultimate fact to be elucidated which is that the witness knows the general reputation of the individual for truth, honesty and integrity. The witness was then asked if he knew "that reputation" to which no objection was interposed and the witness replied:

"I know his general reputation." The next question asked was: "What is it?" No objection was made to this question and the witness answered that it was bad. It is obvious that the witness understood that inquiry was being made as to his knowledge of the general reputation of Evans for truth, honesty and integrity in the community. No error was committed in admitting the testimony. With respect to other testimony, of whose admission complaint is made, we deem it necessary to say no more than that careful examination of the entire record has produced the conviction that whatever error may have been committed in its admission was entirely harmless.

It is finally contended that the findings and judgment are not supported by a preponderance of the evidence. A most cursory examination of the record could not fail to impress the casual reader that there was a direct conflict in the testimony of respondent and that which was produced by appellants. It should not be necessary for an appellate court to reiterate with monotonous regularity the long established rule that the findings of a trial court will not be disturbed where the evidence is conflicting. It is said the testimony of respondent was successfully contradicted and thoroughly discredited. But it was contradicted, principally by the testimony of appellant F. O. Evans and the testimony of C. W. Miller, who was an employee of appellants, the agent who assisted in making the sale of the property to respondent. Surely the trial court had the right to accept the testimony of respondent, inconsistent though it was in certain particulars, in preference to the testimony produced by appellants.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 11, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1932.