[Civ. No. 8750. First Appellate District, Division One.—April 24, 1933.]

EMMA F. NEWCOMB, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY (a Corporation) et al., Appellants.

Fred W. Morrison for Appellants.

Y. B. Arsen for Respondent.

GEARY, J., *pro tem.*—This is an appeal from a judgment rescinding an installment agreement for the purchase and sale of a lot in Burbank, California, and for the recovery of the money theretofore paid on the purchase price, based upon the ground that the sale was brought about by means of false and fraudulent representations.

The record title to the lot stood in the name of the Title Guarantee and Trust Company; and as owner it executed said agreement and accepted all payments made thereunder by respondent, as purchaser. The sale was negotiated and the alleged fraudulent representations were made by Ninon Hudson, a real estate broker operating under the fictitious name of Ninon Hudson Organization, and two salesmen in her employ named Moore and Moss. Both salesmen were made parties defendant, but they are not affected by the judgment, the appeal having been taken by the remaining defendants. The trial court found that the charges of fraud were proved; and the evidence is legally sufficient to support such findings. It further found upon sufficient legal evidence that said trust company was acting in the transaction merely as trustee for certain undisclosed principals and "had no knowledge or information about the promises, misrepresentations and false and fraudulent statements" made by those negotiating the sale. The court's legal conclusions were that respondent was entitled to a rescission of the agreement and to recover from the Title Guarantee and Trust Company "as trustee and not otherwise, from the funds of said trust matter and not otherwise", and Ninon Hudson, the amount theretofore paid to said trustee on said purchase price, with interest. The form of the judgment followed generally the foregoing legal conclusions and created a lien "against said land and premises and all other lands, premises, credits and accounts in the hands of said trustee, the Title Guarantee and Trust Company, a corporation, as such trustee", to secure the payment of the amount found to be due respondent.

Where a sale of property is conducted by a real estate operator, who is not the owner's agent, the owner is not chargeable with the fraud of such operator if he had no knowledge of the representations made. (*Wicks* v. *Rampart Boulevard Co.*, 176 Cal. 140 [167 Pac. 862]; *Security Commercial etc. Bank* v. *Seitz*, 43 Cal. App. 353 [185 Pac.

188].) ██ On the other hand, representations of an authorized agent are, in law, the representations of the principal. Accordingly, where false and fraudulent representations are made by an agent in effecting a sale, the principal is equally responsible with the agent, although the latter had no intent to deceive the purchaser, since it is obvious that the principal cannot accept the benefits of the transaction and at the same time disclaim liability for fraud which induced the purchaser to enter into it. So far as the purchaser is concerned, such representations have the same effect to bind the principal as though they were made by him in the first instance, and this is equally true whether they were made in his presence or absence. (See 25 Cal. Jur. 548, and cases cited.)

██ In the present case respondent did not allege nor prove nor did the court make any finding that Ninon Hudson or her employees were the authorized agents of the trust company; and therefore, in view of the finding that the trust company had no knowledge of the fraud practiced by the parties mentioned, appellants contend that no ground for rescission exists. The trust company's interest in the transaction, however, was admittedly merely that of trustee for the real owners of the property whose identity was not disclosed; and the evidence shows without dispute that Ninon Hudson was employed by said owners, under a written contract, as their agent to sell said property; and in the absence of a finding by the trial court to that effect this court, in the exercise of the authority granted by section 956a of the Code of Civil Procedure, so finds. It having been thus established, therefore, that the agreement in question was made for and on behalf of the real owners and for their benefit, and that it was procured by and through fraudulent means of their duly authorized agents, it was clearly subject to rescission under the legal rules above mentioned. To hold otherwise would be to allow the real owners to profit by the fraudulent acts of their authorized representatives. ██ As stated, however, no part of the purchase money was paid to the owners. All of it was paid to and accepted by the trust company as trustee for the owners. Therefore the trial court was justified in holding as it did that as such trustee the trust company was charged with the repayment thereof out of the trust funds.

The question of the additional liability of the owners for the repayment of the money does not seem to be involved in the action.

Furthermore, in order to secure the repayment thereof it was within the power of the court in the exercise of its equity jurisdiction to create a lien on the lot in question and on whatever portion of the purchase money remained in the hands of the trustee at the time of the entry of the judgment. But as will be noted the terms of the judgment extend too far and purport to create a lien against "all *other* lands, premises, credits and accounts in the hands of said trustee". (Italics ours.) Accordingly the portion thereof last quoted should be stricken therefrom, and it is so ordered. The remaining points urged by appellant are either unimportant to the decision of the appeal or are lacking in merit. As above modified the judgment is affirmed, the respondent to recover her costs.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 24, 1933, and the following opinion then rendered thereon:

THE COURT.—In their petition for rehearing appellants urge two points. We find no merit in the first and we are not called upon to consider the second for the reason that it was presented for the first time in appellants' reply brief. As held in the cases hereinafter cited, points raised by an appellant for the first time in his reply brief will be refused consideration unless some meritorious reason is shown why they were not made in the opening brief. (*Monk* v. *Ehret,* 192 Cal. 186 [219 Pac. 452] ; *Thompson* v. *Koeller,* 183 Cal. 476 [191 Pac. 927] ; *Phelps* v. *Mayers,* 126 Cal. 549 [58 Pac. 1048] ; *Kahn* v. *Wilson,* 120 Cal. 643 [53 Pac. 24] ; *Haley* v. *Traeger,* 92 Cal. App. 360 [268 Pac. 459].) Here no excuse whatever was offered for not having presented the point in the opening brief. The appeal was not argued orally, and consequently respondent was afforded no opportunity to answer the point.

Rehearing denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.