[Civ. No. 9017. First Appellate District, Division Two.—May 22, 1933.]

O. C. LOGAN et al., Appellants, v. CITY OF GLENDALE (a Municipal Corporation) et al., Respondents.

James F. McBryde for Appellants.

Bernard Brennan, City Attorney, Aubrey N. Irwin, Assistant City Attorney, and A. L. Lawson, Deputy City Attorney, for Respondents.

NOURSE, P. J.—Plaintiffs sued for an injunction to restrain defendant from proceeding under the Vrooman Act (Stats. 1885, p. 147; Deering's Gen. Laws, Act 8194) to improve portions of Brand Boulevard with an ornamental electric lighting system. Defendants had judgment and the plaintiffs have appealed upon typewritten transcripts.

In their opening brief the appellants assigned six questions as involved on the appeal. The first assignment reads: "Is an ornamental electric street lighting system a public utility or a part of the plant and equipment of a public utility?" As our answer to this question requires an affirmance of the judgment it is unnecessary to pass upon the other assignments. The charter of the city of Glendale authorizes the city authorities to construct, maintain and operate public utilities and for that purpose creates a public service department and a public service sinking fund, which fund "shall be used only for the replacement, betterment, and extensions of the plants and equipment of said public utilities respectively". (Art. XI, sec. 17, Stats. 1931, p. 2695.) Article XXIII, section 6, of the charter provides: "The improvement, widening and opening of streets, the planting of trees and all public improvements not specified in this charter may be done, and assessments therefor may be levied in conformity with and under authority conferred by general laws." Section 2 of the same article provides that "all general laws of the state applicable to municipal corporations, now or hereafter enacted, and which are not in conflict with the provisions of this charter or with ordinances or resolutions adopted in pursuance of this charter, shall be applicable to the city". Hence, it is conceded, as it must be, that if the improvement contemplated by the city authorities is a street improvement as distinguished from a replacement or an extension of the plant of an existing public utility, the provisions of the Vrooman Act are applicable.

 The public utility owned and operated by the city is the business of acquiring and distributing electric energy for the use of the public generally and for the city in its governmental capacity. In the operation of this public utility the city acts in a proprietary capacity and in this respect is no different from a private corporation or individual fur-

nishing electric energy to the municipal corporation for public purposes. The distinction between these two capacities of a municipality was pointed out in *Davoust* v. *City of Alameda*, 149 Cal. 69, 71 [84 Pac. 760, 9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536], which has been universally followed in this state. This distinction is the all-important factor in determining the question before us. ■ In *Park* v. *Pacific Fire Extinguisher Co.*, 37 Cal. App. 112, 117 [173 Pac. 615], it was held that an ornamental street lighting system to be owned and operated by the municipality was not a part of the public utility furnishing the electric energy, but was the property of the municipality and as such an improvement of the street which the city might construct under the provisions of the Street Improvement Act. The case has never been overruled and has stood for many years without criticism. The principle upon which this decision rests is found in those authorities holding that the lighting of the streets of a municipality falls within the police powers of the city, whereas the furnishing of electric energy to the city and its inhabitants generally is a business distinct from the governmental functions of the municipality, the right to do which must be expressly conferred. (See generally, *Davoust* v. *City of Alameda, supra; Osburn* v. *Stone*, 170 Cal. 480, 489 [150 Pac. 367]; *Hyatt* v. *Williams*, 148 Cal. 585, 588 [84 Pac. 41]; *Ex parte Goodrich*, 160 Cal. 410, 421 [117 Pac. 451, 456, Ann. Cas. 1913A, 56].) In the latter case, which involved a municipal ordinance requiring a public utility corporation to furnish incandescent lamps to its customers, it is said: "No one can seriously assert that the furnishing of incandescent lamps is a part of the public duty of a *quasi* public corporation supplying electricity for light or power. No law of the state attempts in the remotest extent to impose such a duty. The public duty of such a corporation is fully performed when it has brought its commodity safely and conveniently to the door of the consumer. Within that door the company is not by law obliged and may not by law be compelled to go for any purpose foreign to the public service it is called upon to render, and that the purpose here contemplated is foreign is abundantly established. (*Snell* v. *Clinton Electric L. H. & Power Co.*, 196 Ill. 626 [63 N. E. 1082, 89 Am. St. Rep. 341, 58 L. R. A. 284]; *Burk* v. *Mead*, 159 Ind. 252 [64 N. E. 880].)"

The ruling of the Park case is based upon sound reason and seems to be determinative of the issue involved here. Manifestly a private utility which is operated for the purpose of selling electric energy for profit is not interested in the character of poles or ornaments used in connection with the lighting of the public streets. On the other hand, these poles and ornamental lights are a distinct improvement of the property abutting the public street and are erected by the city in its governmental capacity as an improvement of the street. In the maintenance of these poles the city is the "consumer" referred to in the Goodrich case and, in that respect, acts in its governmental capacity. When, therefore, the city in its proprietary capacity takes the place of the private utility and furnishes the electric energy it is not concerned in that capacity with the character of ornaments used in lighting any particular street. No additional revenue comes to the city by reason of those ornaments and hence its business of furnishing electric energy is not interested therein.

The fairness of this rule is apparent. The municipal council determined that the proposed improvement would benefit a designated district and planned to assess the property in that district according to those benefits. If the proposed improvement must be paid for out of the public utility funds it would be a charge upon the entire city; hence that portion of the city which the council found would receive no benefit from the improvement would be unjustly taxed.

Because we hold that the proposed improvement would not be a part of the public utility operated by the city no issue of fact is raised by the pleadings. Hence the criticisms of the rulings upon the admission of evidence do not require consideration.

Judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.