[Civ. No. 6595. Third Dist.—July 2, 1941.]

ELIZABETH BROWN, Respondent, v. JOHN R. OXTOBY et al., Appellants.

Paul C. Hill for Appellants.

Elmer P. Bromley and H. E. Lindersmith for Respondent.

TUTTLE, J.—This is an action for damages, based upon false representations. Findings were entered in favor of plaintiff, and judgment was entered against defendants in the sum of $14,258.33.

As grounds for reversal, appellants and defendants, urge the following points: That the evidence is insufficient to support the findings, and that the court erred in failing to find upon a set-off in favor of appellants, which it is claimed was proven. The court found:

"That it is true that to induce plaintiff to enter into said agreement and to lend and pay defendants said sum of ten thousand dollars ($10,000.00), said defendants, on the said 30th day of April, 1931, at the time of the making of said agreement hereinbefore mentioned and at the time of the paying of said ten thousand dollars ($10,000.00) by plaintiff to defendants as hereinafter alleged, did falsely and fraudulently represent to plaintiff that said real property hereinbefore described was on the 30th day of April, 1931, and at the time of the payment of the said ten thousand dollars ($10,000.00) by plaintiff to defendants as hereinafter alleged, free and clear of all incumbrances save and except the said deed of trust hereinbefore mentioned and described as recorded in Book 10307, page 261, official records of the office of the county recorder, county of Los Angeles, State of California, given to secure the repayment of the said twenty-five thousand dollars ($25,000.00); that it is true that in truth and in fact the said representations made by the said defendants were false and fraudulent as the defendants well knew, and the said defendants made said representations for the purpose of defrauding and deceiving the plaintiff and inducing plaintiff to enter into said agreement of April 30th, 1931, and to pay to defendants pursuant thereto the said ten thousand dollars ($10,000.00); that it is true that in truth and in fact the said real property hereinbefore described was, on the said 30th day of April, 1931, and at all times herein mentioned, encumbered by said first deed of trust executed by said defendants for the benefit of said Thomas Mortgage Company and recorded in Book 10307, page 261, official records of Los Angeles County, California, as hereinbefore mentioned and was on the 30th day of April, 1931, and at all times mentioned,

also encumbered by a second deed of trust on the said real property in addition to the foregoing mentioned first deed of trust, which second deed of trust was executed by defendants in favor of B. H. Horkin and M. E. Downey as beneficiaries to secure the repayment to said beneficiaries of the sum of seventeen thousand six hundred eighty-six and 28/100 dollars ($17,686.28), which second deed of trust just mentioned was recorded on the 11th day of April, 1931, in Book 10703 at page 365, official records in the office of the county recorder of Los Angeles county, California; that it is true that at the time said representations were made, said defendants knew them to be false and knew that at the said time the representations were made that the said real property hereinbefore described was encumbered by said first deed of trust recorded in Book 10307, page 261 of said official records, and was also encumbered by said second deed of trust recorded in Book 10703, page 365, of said official records, but fraudulently and knowingly made said representations to the plaintiff for the purpose of inducing plaintiff to enter into said agreement of April 30, 1931, and inducing plaintiff to pay and loan to defendants said sum of ten thousand dollars ($10,000.00).''

Appellant states that there was no evidence to establish fraud, and that there was no *preponderance* of the evidence to establish fraud. The scope of our inquiry upon appeal where questions of fact are involved, is thus stated in 2 Cal. Jur., page 912, sec. 539:

''It is the province of an appellate court to decide questions of law, to review the action of the court below and correct its errors. An appellate court possesses none of the functions of a jury, and cannot assume to exercise them. While the question of the sufficiency of the evidence, as a matter of law, to support a verdict or finding may be presented to the appellate court for review, its duty stops when it has determined that there is some substantial evidence to support it. It will not weigh the evidence, pass upon the credibility of witnesses, nor substitute its judgment thereon for that of the trial court, but will uphold the verdict or finding, even though it would have decided otherwise if it had occupied the place of the trial judge or jury.''

We are therefore not permitted to say on which side the evidence preponderates. That, in effect, is weighing the evidence—a function committed solely by law to the trial court.

Our inquiry therefore ends if it appears that there is any substantial evidence to support the findings under attack.

An examination of the record discloses that there is a sharp conflict in the evidence relating to fraud. Plaintiff testified to the representations made. Defendants denied that they made them. Conceding, as appellants contend, that plaintiff's testimony was uncorroborated, it was sufficient to support the finding. (Code of Civil Procedure, sec. 1844.)

The chief attack made upon the proof of fraud is the fact that the false representation made by appellants was to the effect that the title of appellants was free and clear of all encumbrances save and except the first deed of trust. They point out that when such representation was made, the *second* deed of trust was recorded in the office of the County Recorder of Los Angeles County. This, they argue, was at least constructive notice of the existence of the encumbrance, and consequently there can be no actionable fraud based upon the representation that no other encumbrance except the first trust deed was in existence. We do not believe that the failure of plaintiff to consult the public records is fatal to her claim. In the case of *Cameron* v. *Evans Securities Corp.*, 119 Cal. App. 164, 170, 171 [6 Pac. (2d) 272], the court held, in referring to a finding that certain representations in respect to title were false, "The evidence is sufficient to support the finding, *therefore respondent was under no duty to investigate public records* for the purpose of ascertaining whether or not the representation that the premises were (not) further encumbered was true." The complaint alleged that defendant falsely represented that the property was free from any encumbrance other than a specified deed of trust. The rule relating to such a situation is further there laid down as follows:

"Appellants urge, however, that, since the evidence establishes that the mortgage was recorded, the means of knowledge were open to respondent, and that, having failed to avail himself of sources of information that were known to him, he may not take advantage of his own lack of diligence. The rule in this connection is stated in *Tarke* v. *Bingham,* 123 Cal. 163 [55 Pac. 759, 760], in the following language: 'Where no duty is imposed by law upon a person to make inquiry, and where under the circumstances "a prudent man" would not be upon inquiry, the mere fact that means of knowledge are open to a plaintiff and he has not availed himself of them,

does not debar him from relief when thereafter he shall make actual discovery. The circumstances must be such that inquiry becomes a duty and the failure to make it a negligent omission.' Later decisions have approved this rule. (*Spreckels* v. *Gorrill, supra* [152 Cal. 383 (92 Pac. 1011)] ; *Teague* v. *Hall,* 171 Cal. 668 [154 Pac. 851] ; *French* v. *Freeman,* 191 Cal. 579 [217 Pac. 515] ; *Lillis* v. *Silver Creek etc. Water Co.,* 21 Cal. App. 234 [131 Pac. 344].)''

In the case of *Head Bros.* v. *Thompson,* 77 Iowa, 263 [42 N. W. 188], a similar state of facts is thus disposed of:

''Though it is true that Head had constructive notice, yet, if Thompson knew that Head was relying upon his statements, then it was fraud for him not to have disclosed the existence of the Meath mortgage, and such a fraud as should make void the agreement, if one were made.'' (33 A. L. R. 1030.)

As to the insufficiency of the evidence to support a finding that plaintiff was not guilty of laches, the same general rule applies. To this may be added the rule that laches is a defense, and the burden of proving the facts from which it may be inferred rests upon the party who invokes the doctrine. It is a question of fact. In 10 Cal. Jur., pages 526, 527, section 64, it is stated:

''There is no artificial or hard-and-fast rule either as to the lapse of time or the circumstances which will justify the application of the doctrine of laches. The question must be determined by a consideration of all the facts and circumstances of the particular case. Laches is a question of fact, on the evidence, and each case becomes largely a law unto itself. In other words, the matter is one which reposes in the sound discretion of the chancellor.''

The loan which is the basis of the dispute, was made April 30, 1931. The court found that plaintiff first discovered the fraud about May 31, 1933. The action was commenced April 24, 1934. Considering the lapse of time, it clearly must be considered as commencing when plaintiff first discovered the fraud. The time which elapsed between that date and the filing of the complaint was less than one year. We cannot say, as a matter of law, that plaintiff was barred by laches. There was sufficient evidence to support the finding.

It is contended by appellant that the court erred in failing to credit appellant with the rental at the rate of $50.00

per month, covering the period when plaintiff occupied the premises in question. No evidence is pointed to which might constitute the basis of this contention, nor are any authorities cited which make it mandatory for the court to find upon the issue of set-off where, as here, there was a failure to plead it. The rule is the other way. (23 Cal. Jur., page 272, sec. 43.)

██ Finally, appellants insist that the judgment should, at least, be reversed as against Jessie R. Oxtoby, the wife of the other appellant. It is pointed out that all the fraudulent representations were made by the husband alone. That the record bears this out is not questioned by respondent. We are of the opinion, however, that the trial court could reasonably infer from the entire case, that the husband at all times was the agent of the wife.

Facts and inferences deducible therefrom show that appellant John Oxtoby was a contractor; that appellants were joint owners of the real property upon which the apartment house was built; that both appellants went to plaintiff and solicited the loan for $10,000; that the proceeds from said loan were expended upon said property in liquidating existing encumbrances and paying labor bills in connection therewith; and that the prior encumbrances involved in the fraudulent representations were executed by the wife as well as by the husband. ██ Although the principal may not have actually authorized the particular fraudulent act, yet the principal is responsible for the fraud of the agent if he has entrusted to the agent a matter which puts the agent in a position to perpetrate the fraud complained of, while the agent is executing the agency transaction within the scope of his employment (2 Am. Jur., page 283, sec. 363; Restatement, Agency, sec. 261; *Newcomb* v. *Title Guar. & Trust Co.,* 131 Cal. App. 329 [21 Pac. (2d) 456, 22 Pac. (2d) 552]). As stated in *Rauer's Law etc. Co.,* v. *Berthiaume,* 21 Cal. App. 670, 674 [132 Pac. 596, 833]:

"While the authority of a husband to represent his wife in the management and control of her separate property is never to be presumed merely from the existence of the marriage relation, nevertheless such authority may be established by circumstantial evidence; and as between husband and wife, much less evidence is needed to establish the fact of agency one for the other than is ordinarily required."

A similar holding appears in *Hulsman* v. *Ireland*, 205 Cal. 345 [270 Pac. 948]. We have examined the cases cited by appellant. It is true that, *standing alone*, the relationship of husband and wife cannot sustain a finding that one is the agent of the other. Likewise, one joint tenant cannot, by his own contract, bind the other in respect to their common property. Here, we have entirely different facts with which to deal. Admittedly the record shows that the wife did not make the false representations, nor did she have any knowledge of them. She did, however, personally solicit the loan upon the joint property, and she signed the two encumbrances which are the basis of the fraud. She authorized her husband to build the apartment house, and put him in a position which enabled him to commit the fraud, and they both retained the benefits flowing from the transaction.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 28, 1941.