PEEK, J.
 

 The defendant Samuel J. Wilson appeals from a judgment which reformed a deed to real property and allowed the plaintiffs an abatement of the purchase price paid to the defendants as to the sellers for the property.
 

 The controversy arose out of the sale and purchase of farm land located in Stanislaus County. Plaintiffs contended that they were led to believe that the tract they procured from Wilson and his wife, Anna, who died prior to the institution of this action, contained 94 acres, whereas it in fact contained only 79. They sought reformation of the deed and an abatement of the purchase price under two theories; namely that defendants had fraudulently misrepresented the quantity of land, and/or that there was a mutual mistake of fact as to the number of acres contained in the tract. Tie trial court found
 
 *316
 
 that both theories were substantiated by the evidence and hence granted the relief sought.
 

 Appellant contends that the judgment should be reversed because the cause of action was barred by section 338, subdivision 4, of the Code of Civil Procedure (a cause of action based on fraud or mistake must be brought within three years from the date of discovery). Since the alleged fraud was committed on or about July 18, 1951, and the action was not commenced until December 10, 1954, it would appear that appellant has made out a prima facie case for the application of the statute. However the plaintiffs avoided the literal terms of the statute by pleading and proving facts which showed that their delayed discovery was reasonable.
 
 (Lady Washington Consol. Co.
 
 v.
 
 Wood,
 
 113 Cal. 482 [45 P. 809].)
 

 To bring themselves within the rule above stated, the plaintiffs contend that they had no notice that anything was amiss until 1953. That year they received a tax assessment based on 106 acres, whereas in the two previous years it had been based on 93 acres. This fact aroused their suspicions, and as a consequence they hired a licensed surveyor to determine the number of acres in the tract. It was as a result of this survey that the shortage was discovered. The plaintiffs argued that the action was brought well within three years from the date of actual discovery, and that they were apprised of no facts which would require them, as reasonable persons, to make an earlier inquiry.
 

 In answer the appellant maintains that there were sufficient facts known to the plaintiffs so as to put reasonable persons on inquiry: There was a clear metes and bounds description of the land in the deed; the plaintiffs were residents of the area where the land is located for over 40 years and hence should have known the general area; plaintiffs worked the land; and the tax assessments for the years 1951 and 1952 were for 93 and not 94 acres.
 

 As held in
 
 Stevens
 
 v.
 
 Sacramento Suburban Fruit Lands Co.,
 
 109 Cal.App. 120 [292 P. 699], no hard and fast rule can be laid down as to when a party, as a reasonable man, should discover a fraud. But rather each case must be determined on its own facts and circumstances. Further, whether the known facts are sufficient to put the party on inquiry is likewise a question of fact for the trial court, and the cause of action should be barred only where the party should have plainly discovered sooner.
 
 (Bank of America
 
 v.
 
 Greenback,
 
 98 Cal.App.2d 220 [219 P.2d 814].) Since we are
 
 *317
 
 dealing with a question of fact which the trial court, on conflicting evidence, resolved against the defendants, we cannot say as a matter of law that the plaintiffs should have discovered sooner, and hence we must hold that the plaintiffs’ cause of action was not barred by the statute of limitations.
 

 Appellant next contends that even if the cause of action is not barred, the facts adduced at the trial do not support the court’s finding that a fraudulent misrepresentation had been made. The plaintiffs alleged that the fraud consisted in the defendants asserting a fact to be true, i.e., that the tract sold to them contained 94 acres, in a manner not warranted by the information then and there possessed by the defendants. (Civ. Code, §1572, subd. (2).) But, by their own admission, defendants never did know the exact number of acres contained in the tract, and the basis of their representation was only what they had been told by prior owners. Therefore, it would seem that the trial court could hold this was not sufficient ground to warrant the representation made to the plaintiffs, and hence defendants were guilty of fraud.
 

 There is the further contention that the finding of fraud cannot stand because the defendants did not actually communicate the representation to the plaintiffs. The appellant is partially correct, because there was never any discussion directly among the parties. However, defendants contacted Stephens and Snyder, the real estate brokers, and made their representation to them, and they in turn communicated it to the plaintiffs. If, in fact, Stephens and Snyder were the agents of the defendants for the sale of this property, as the court found, then they are responsible for their statements.
 
 (Newcomb
 
 v.
 
 Title Guar. & Trust Co.,
 
 131 Cal.App. 329 [21 P.2d 456, 22 P.2d 552].)
 

 Appellant maintains Stephens and Snyder could not have been agents of defendants because their authority was not in writing as required by section 1624, subdivision 5 of the Civil Code which provides that an agreement authorizing employment of an agent or broker to purchase or sell real estate for compensation or commission must be in writing. This section has no application to the controversy presented by the case at bar. It is limited to a situation where the agent or broker is seeking to collect his compensation or commission from the landowner.
 
 (Brand
 
 v.
 
 Mantor,
 
 6 Cal.App.2d 126 [44 P.2d 390].)
 

 Even if the authority to sell must be in writing, there is ample evidence in the record that there was sufficient writ
 
 *318
 
 ten authority. This is so because it is not necessary that there be a specific memorandum granting authority, and it will suffice if there is an inferential adoption in the deed or escrow instructions.
 
 (Menveg
 
 v.
 
 Fishbaugh,
 
 123 Cal.App. 460 [11 P.2d 438].) In the present ease there was such an inferential adoption by the fact that the defendants, under the terms of the escrow instructions, agreed to pay the brokers. Therefore, we conclude that the evidence adequately bears out the finding that the defendants were guilty of fraud.
 

 Since the granting of reformation of a deed and the abatement of the purchase price can be sustained on the fraud theory alone, we do not deem it necessary to discuss appellant’s contentions regarding the findings as to mutual mistake. However appellant does take issue with the damages awarded to plaintiffs. He contends that since the damages for fraud are based on the difference between actual value of that which the defrauded person parted with and the actual value of that which he received, there was no evidence in the record to support the damages, because the court refused to allow defendants to introduce evidence as to the value of the tract at the time of the sale without reference to the number of acres. We cannot agree with this argument. The trial court determined the amount of damages by multiplying the deficiency in acreage (approximately 14) by the agreed price per acre ($600) and then added interest, etc. We find ample authority to sustain this method of determining damages under the facts here presented.
 
 (Riverside Rancho Corp.
 
 v.
 
 Cowan,
 
 88 Cal.App.2d 197 [198 P.2d 526].)
 

 The judgment is affirmed.
 

 Van Dyke, P. J., and Schottky, J., concurred.
 

 A petition for a rehearing was denied April 22, 1960, and appellant’s petition for a hearing by the Supreme Court was denied May 25, 1960. Dooling, J. pro tem.,
 
 *
 
 participated therein in place of Spence, J. Traynor, J., was of the opinion that the petition should be granted.
 

 *
 

 Assigned by Chairman of Judicial Council.