[Civ. No. 7113. Third Dist. Jan. 17, 1945.]

JOE ALVAREZ et al., Respondents, v. C. E. RITTER, as Executor, etc., Appellant.

J. Kingsley Chadeayne for Appellant.

George Wadsworth and Maxwell M. Willens for Respondents.

THOMPSON, J.—The executor of the last will of John D. Van Ormer, deceased, has appealed from a judgment reforming a lease of real property and awarding plaintiffs judgment for return of $1,862.50 paid to the deceased as rental advanced pursuant to the terms of the lease, which was to be refunded in the event of sale of the property before the crops were planted.

John D. Van Ormer lived at Turlock and owned a ranch in San Joaquin County. In August, 1942, he executed a lease to plaintiffs of the ranch for one year for the purpose of raising beans and sugar beets for the annual rental of $3,725, one-half of which was paid at the time of the execution of the lease. The lessor reserved the right to sell the ranch at any time. It was orally agreed that in the event of a sale prior to the planting of crops, the money advanced as rental would be repaid to the lessees. Mr. Van Ormer went to Oklahoma before the lease was drawn. He left the written lease to be prepared by his agent Claude M. Powell, who went in company with Joe Alvarez to an attorney by the name of George Wadsworth to draw the lease. The question of the right of the lessor to sell the property was then discussed. Wadsworth was told of the agreement of Mr. Van Ormer to return the rental paid in the event of sale before the crops were planted. He directed his inexperienced stenographer to type the lease, furnishing her with a copy of another lease to follow. She failed to include the provision for returning the rental in the event of sale. Wadsworth failed to discover the omission. Alvarez returned to his office and signed the lease without reading it and without knowledge of that omission. He then paid Powell $1,862.50. The lease was forwarded to Van Ormer who signed and returned it to his agent. The plaintiff Joe Alvarez and two or three other disinterested witnesses testified to the lessor's agreement to refund the rental in the event of the sale of the property before the crops were planted.

The lessees did not take possession of or reside on the property, but they did plow the land in the fall of 1942, before the lease became effective, in preparation for the planting of the crops the following season. They were subsequently paid for

that labor by the purchaser of the land. We are not concerned with that transaction.

Mr. Van Ormer died January 6, 1943. Upon proceedings duly had his will was admitted to probate in San Joaquin County and C. E. Ritter was appointed and qualified as executor. The ranch was sold April 2, 1943, before any crops had been planted. Demand was duly made upon the executor to return to plaintiffs the rental advanced by them, which was refused. Upon examination of the lease the plaintiffs for the first time discovered the omission of the agreement to refund the rental in case of sale of the property before the crops were planted. They then filed a claim against the estate for that amount, which was rejected. The filing of the claim is immaterial under the circumstances of this case.

This suit was commenced September 20, 1943. The complaint was couched in three counts. The first one asks for reformation of the lease to include the agreed provision to return to the lessees the rental advanced in case of sale of the property before the crops were planted. The second count is for money had and received. The last count is based on the rejected claim for the rental previously paid.

The court adopted findings favorable to the plaintiffs in every respect, and rendered judgment reforming the lease as prayed for. Plaintiffs were also awarded judgment for the rental advanced in the sum of $1,862.50 and interest from the date of demand. From that judgment this appeal was perfected.

The appellant contends that the findings and judgment are not supported by the evidence; that there is no evidence that Claude M. Powell, as agent, was authorized to determine the terms of the lease, and that the court erred in receiving evidence of the oral agreement of the lessor, over objection that the witnesses were disqualified under the provisions of section 1880, subdivision 3, of the Code of Civil Procedure.

There is ample evidence to support the findings and judgment reforming the lease under section 3399 of the Civil Code, and restoring to plaintiffs the money advanced by them as rental for the farm. It is true that clear and satisfactory proof of a mutual mistake of the parties must be shown to justify the reformation of a written instrument. (*Moore* v. *Vandermast, Inc.*, 19 Cal.2d 94 [119 P.2d 129]; (22 Cal.Jur. 742, § 24.) But the question of the sufficiency of the

evidence to support the finding of mutual mistake which will justify reformation of a written instrument is primarily a problem for determination of the trial court which may not be interfered with on appeal where there is substantial evidence to support the finding. (*Sullivan* v. *Moorhead,* 99 Cal. 157 [33 P. 796] *Siem* v. *Cooper,* 79 Cal.App. 748, 754 [250 P. 1106] ; 22 Cal.Jur. 743, § 24.)

In the present case the trial court found that due to the mutual mistake of the parties the lease failed to include the agreement that in the event of a sale of the property prior to the planting of crops during the season of 1943, any sums paid as rental under the terms of the lease would be refunded to the lessees. The judgment provided for reformation of the lease to incorporate that provision, and awarded plaintiffs judgment for said sum of $1,862.50, so paid by them. The evidence of the mutual mistake with relation to the omission of the provision to refund rental paid in the event of sale of the property prior to planting of the crops is clear and satisfactory. Several witnesses, in addition to the plaintiff Joe Alvarez, testified to those facts. John Cavala, a real estate broker, talked with the deceased, John D. Van Ormer, in the summer of 1942. He was then given an option to sell the property. He said Mr. Van Ormer told him he had leased the property to plaintiffs and that he then said, "I have had an understanding with Mr. Alvarez, in case a sale is made I'll return—refund his money back." Mr. William R. Lewis, another real estate broker, who lived at Tracy, testified that he also had a talk with Mr. Van Ormer in the summer of 1942, and that the property was then listed with him for sale; that the deceased then told him he had leased the property to plaintiffs with the agreement that if it was sold before the crops were planted, he would refund to the lessees the cash rent which he had received. George Wadsworth, the attorney who drew the lease at the request of Powell, testified that he was instructed by Powell in the presence of Mr. Alvarez to provide for the refunding to the lessees of all rental paid by them in the event of a sale of the property before the crops were planted. Wadsworth testified that he left the document with an inexperienced stenographer to prepare by following the form of another lease which he handed to her, but that she inadvertently omitted that provision. He said that Alvarez signed the lease without reading it, and that he sent it on to Mr. Van Ormer without discovering the omission. Gertrude

L. Warner, who had charge of a warehouse at Tracy, testified that after the sale of the property in April, 1943, Alvarez and Powell came to the warehouse and discussed the return of the money and read the lease in her presence. She said that Powell then stated Mr. Wadsworth made a mistake in omitting from the lease the provision for returning the rental to plaintiffs in the event that the property was sold before the crops were planted. She stated that Powell then said "It was Mr. Van Ormer's wish if that land was sold Mr. Alvarez was to receive his money back." Mr. Alvarez also testified that was their agreement. That evidence furnished sufficient competent proof of the mutual mistake to justify the trial court in reforming the lease in that respect, and in awarding to plaintiffs judgment for the money advanced.

▋ The court did not err in receiving evidence of that mutual mistake over the objections of appellant that the witnesses were disqualified under the provisions of section 1880 of the Code of Civil Procedure on account of their interest in the litigation upon a claim against the estate of a deceased person. None of the foregoing witnesses were parties to this action or interested in the litigation, except Mr. Alvarez. His evidence was merely cumulative.

Section 1880, *supra,* merely disqualifies witnesses who are parties or assignors of parties to an action against an executor or administrator *upon a claim or demand against the estate* of a deceased person from testifying to facts occurring before his death. It does not disqualify witnesses who are not parties or assignors of parties interested in the litigation. Friends, neighbors or other individuals not so interested as parties or assignors of such parties are competent to testify to such admissions or statements of a deceased person occurring before his death. (*Warder* v. *Hutchison,* 69 Cal.App. 291, 298 [231 P. 563] ; 11A Cal.Jur. 903, § 639; 3 Bancroft's Prob. Prac. 1533, § 893.) ▋ The admission of the testimony of the plaintiff Alvarez in that regard was harmless, since it was merely cumulative of other competent evidence to the same effect.

▋ Moreover, the disqualification of witnesses under section 1880, *supra,* applies only to parties or assignors of parties in an action or proceeding *upon a claim against the estate of a deceased person.* It has been uniformly held in California that neither a party nor an assignor of a party to an action to

580

establish a resulting trust, to quiet title to property or to require an accounting of a partnership, is disqualified to testify to facts occurring before the death of the decedent, since such actions are not based upon claims or demands against the estate. (*Myers* v. *Reinstein,* 67 Cal. 89 [7 P. 192] ; 11A Cal. Jur. 890, § 632; 12 So.Cal.L.Rev. 10.) In the text of 11A Cal. Jur. at page 890, it is said in that regard :

"Claims to property adverse to the estate are not within the statute, because, if the property belongs to the claimant, the recovery in the action does not tend to diminish the estate to which the judgment might decide it did not belong."

In the Myers case, *supra,* it was held that S. H. Collins, who had been a partner of the deceased, Reinstein, and who had assigned to the plaintiff Myers his claim to partnership funds with which a parcel of land had been bought in the name of the deceased was a competent witness in the action against the estate to establish a resulting trust in his portion of the funds with which the land was purchased. The court said :

"We are of opinion the witness was competent. The action was not on a claim or demand against the estate of Reinstein. The plaintiff asserted that the interest in the land sued for constituted no part of M. Reinstein's estate, but was held in trust by Reinstein for Collins or his assigns, and after his death, by the defendants, his devisees, and successors. . . . The very question to be determined here was whether the interest sought to be recovered was a part of Reinstein's estate or not."

In the present case the court determined that the lease, as reformed, provided that the rental advanced by plaintiffs was to be refunded and belonged to them, since the land was sold before the crops were planted. In other words, that money did not belong to the estate, but was held by the executor, as a resulting trust, for the benefit of plaintiffs.

But it is immaterial whether Mr. Alvarez's testimony was competent or not. It was harmless since there is an abundance of evidence from other witnesses who were in no way interested in the litigation to establish the facts which warranted the court in reforming the lease.

It is immaterial whether Claude M. Powell was the agent of the deceased with authority to determine the terms of the lease. The only term of that lease which is involved on this appeal, to wit, the agreement to refund all rental paid by the lessees in the event of a sale of the property before the crops

were planted, was conceded by Mr. Van Ormer himself before he went to Oklahoma. The record contains adequate competent proof to that effect. The reformation of the lease did not depend upon the authority of the agent to determine any provision of that instrument.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.