[Civ. No. 7634.   Third Dist.   Oct. 18, 1949.]

CLARENCE H. HEBERT et al., Appellants, v. LOUIS L. MILLER, Respondent.

C. D. McComish for Appellants.

Manwell & Manwell for Respondent.

PEEK, J.—By their complaint plaintiffs sought to quiet title to certain farm land standing in the names of plaintiffs and defendant as cotenants. Additionally they sought an accounting and a decree ordering defendant to convey to them his interest in said property. The defendant, by his cross-complaint, acknowledged his interest in the property but denied generally the remaining allegations in plaintiffs' complaint. He also prayed for an accounting and for a partition of the property as well.

The court determined that plaintiffs and defendant were tenants in common of said farm, each being the owner of an undivided one-third interest therein, refused to partition the property, and ordered an accounting. By stipulation the accounting has been held in abeyance pending the outcome of this appeal. From the judgment so entered the plaintiffs have appealed.

At the outset we have noted that the record before us discloses testimony of but two witnesses, Minnie M. Hebert on behalf of herself and her husband as plaintiffs, and Louis L. Miller on behalf of himself as defendant. Although admittedly available, the parents of the parties were not called. From such meager record it appears that Henry and Nettie Miller, said parents of the plaintiff Minnie M. Hebert and the defendant Louis L. Miller, acquired the property in question in the year 1907 and continuously resided thereon until 1940 when domestic difficulties caused their separation. On the date of the separation and for some time prior thereto the farm was encumbered by a mortgage in the sum of approximately $5,000. A small judgment lien, as well as certain unpaid taxes and levee district assessments had attached against the property. Because of a threatened foreclosure,

the parents, on February 8, 1939, executed a deed conveying the farm to their son-in-law and daughter, Clarence H. and Minnie M. Hebert (plaintiffs herein) and their son Louis L. Miller (defendant herein) as tenants in common. Except for a short period during 1942 and 1943 when he was in the armed services the defendant lived on the farm continuously from 1907 until the time of trial. During the period of defendant's absence the plaintiffs resided on the property and although both were employed elsewhere they farmed it to a degree. Upon defendant's return from the service he resumed his residence on the farm with the plaintiffs, who continued to make it their home, and likewise resumed his farming of the land.

The record further shows that the plaintiffs consulted the Federal Land Bank with the thought of effecting a loan to pay off the mortgage against the property. They were informed by the bank that it would be necessary to reduce the existing debt and that the borrower would have to own sufficient farming equipment. Subsequently $3,000 was advanced by the parties, of which approximately $1,000 was contributed by the defendant. As security for the remaining $2,000 which the Land Bank loaned them, each of the parties joined in the execution of a note and trust deed and the original indebtedness was paid off.

Defendant's testimony showed that he had always lived on the farm; that after the execution by his parents of the deed in question he continued to farm the land and turned over to his sister and brother-in-law all of the proceeds derived from such farming activities; that the plaintiffs out of the proceeds paid the installments on the loan and the operating expenses; that on one occasion the proceeds from a walnut crop were divided, one-third to each, but other than that there had been no accounting between the parties; that their disagreement grew out of the desire of plaintiffs to divide the property; that plaintiffs had the same surveyed for such purpose; that the one-third portion which they set apart for him did not represent one-third of the value of the farm and for that reason he refused to accept the suggested partition; that his one-third interest in the property had never been questioned by plaintiffs and that it had been his understanding from the beginning that he was the owner of an undivided one-third interest in the farm.

Two contentions are made by plaintiffs, both of which are wholly without merit. ▮ It is their first contention that

although the defendant is named as a grantee in the deed nevertheless he has no interest therein and that plaintiffs are the sole owners thereof. Such contention is based solely upon the testimony of Minnie M. Hebert, the only witness testifying in behalf of plaintiffs, and apparently they and their counsel's understanding of the circumstances leading up to the execution of the deed, viz.: that the only reason respondent was named therein as a grantee was to permit plaintiffs to obtain a loan from the Federal Land Bank. In so arguing plaintiffs entirely ignore the testimony of defendant. It would seem that mere reference to such conflict in the evidence would be amply sufficient to dispose of such contention. The position taken by plaintiffs in this regard is erroneous for the further reason that since the deed is clear, certain and unambiguous, the intention of the grantees, the parties herein, in accepting said deed, had no effect whatsoever upon the estate thereby created. ■ Even if it be assumed that the grantors' intent accorded with appellants' understanding, nevertheless such oral evidence would not be admissible in view of the well established rule that:

"The legal effect of a deed delivered to a grantee is to vest title in him free from any condition, and its operation cannot be defeated by parol evidence of an intention on the part of a grantor that it would have an effect different from that apparent on its face." (*Security-First Nat. Bank* v. *Leatart*, 75 Cal.App.2d 211, 215 [170 P.2d 687].)

■ Appellants' second contention is that they have acquired a prescriptive title to the farm by adverse possession. While the relationship of cotenants is not of itself such as would preclude one cotenant from asserting and acquiring an adverse claim against the others, yet until there is either an ouster or a repudiation of a relation, no such title can be acquired. (See 1 Cal.Jur. 543, and numerous cases therein cited.) ■ Here the record is totally devoid of any evidence whatever to substantiate such a claim by plaintiffs. To the contrary it shows without contradiction that from the date of the execution of the deed to the date of the trial both plaintiffs and defendant have been in joint possession of, and have jointly farmed the land for their mutual advantage with no intimation of either ouster or repudiation by any of the parties.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.