Filed 12/20/21  Wilmington Savings Fund Society, FSB v. Stapleton CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB , | C091616 |
| Plaintiff and Respondent, | (Super. Ct. No. SCV0041307 ) |
| v. | |
| JOHN M. STAPLETON, | |
| Defendant and Appellant. | |

A borrower generally executes two documents when taking out a home loan:  a promissory note to repay the loan and a security instrument (often a deed of trust) authorizing the sale of the home if the buyer fails to pay the debt.  This case concerns a deed of trust that all parties acknowledge includes a defective description of the covered property.  In 2004, John M. Stapleton entered into a deed of trust that secured a home loan and that named Wilmington Savings Fund Society's predecessor as the beneficiary.  Over a decade later, in 2018, Wilmington sued Stapleton to reform the deed of trust.  It

1

asserted that, because of the parties' mutual mistake, the deed of trust misidentified the covered property.

Stapleton, in response, acknowledged the error. But he countered that Wilmington brought its suit too late because, under the relevant statute of limitations, Wilmington needed to file its suit within three years of discovering the error. He reasoned that Wilmington's predecessor (and thus also Wilmington) had constructive notice of the flawed property description in the deed of trust in 2006 because, that year, the prior owners of Stapleton's home recorded a corrective grant deed to address a similarly flawed property description in the 2004 grant deed to Stapleton. Stapleton further argued that Wilmington's predecessor (and thus also Wilmington) had actual knowledge of the error in 2013 because, late that year, it hired a company to resolve the issue. Stapleton based this latter argument on three letters he received in 2013 and 2014 from a company that claimed to act on Wilmington's predecessor's behalf.

After the parties filed dueling motions for summary judgment, the trial court rejected Stapleton's claims and granted Wilmington's motion. It concluded, relevant here, that both of Stapleton's claims based on the statute of limitations failed as a matter of law. Stapleton's constructive notice claim failed, the trial court found, because the recording of the corrective grant deed in 2006 did not, in itself, provide notice to Wilmington's predecessor of the defect in the deed of trust. And Stapleton's actual notice claim failed, the trial court concluded, because Stapleton failed to show that the company purportedly acting on Wilmington's predecessor's behalf in 2013 was actually acting on its behalf.

On appeal, Stapleton challenges both of these conclusions. He also argues that the trial court, at the least, should have granted him a continuance to perform further discovery. We reject Stapleton's contentions and affirm.

BACKGROUND

In 2004, Stapleton obtained a loan to finance the purchase of a home in Placer County. The prior homeowners conveyed the property to Stapleton by grant deed and, at the same time, Stapleton's wife also conveyed the same property to him by interspousal transfer grant deed. A deed of trust, which was intended to cover the whole of the purchased property, secured Stapleton's loan and named Mortgage Electronic Registration Systems Inc. (MERS), the lender's nominee, as the beneficiary. (See *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 270 ["A 'nominee' is a person or entity designated to act for another in a limited role—in effect, an agent"], disapproved of on other grounds in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939 fn. 13.)

Around 2006, Stapleton learned of an issue with the deeds. Because of an apparent oversight, all the deeds—the grant deed, the interspousal transfer grant deed, and the deed of trust—provided an incorrect legal description that omitted part of the property. To address the issue, Stapleton's predecessors recorded a corrective grant deed in late 2006, and his wife, similarly, recorded a corrective interspousal transfer grant deed around the same time. Stapleton, it appears, never notified his lender about the title defect.

In August 2015, MERS's successor, Bank of America N.A., sued Stapleton to reform the deed of trust. Bank of America, which acquired MERS's interest in 2012, asserted that the deed of trust "was intended to encumber [Stapleton's entire] property" but, "as a result of inadvertence, mistake, or neglect, the Deed of Trust was recorded with an incorrect legal description." (See Civ. Code, § 3399 ["When, through . . . a mutual mistake of the parties. . . , a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."].) Bank of America afterward, in September 2016, assigned its

3

interest in the deed of trust to Wilmington and, a few months later, in January 2017, dismissed its suit without prejudice.[1]

In June 2018, Wilmington filed a similar suit against Stapleton. It alleged that the deed of trust "is incomplete and incorrect in that it omits [a] portion of the Subject Property." It then asked the trial court to reform the deed of trust to provide a correct legal description of the property and to declare the modified deed of trust "a valid security instrument[] securing the [loan] obligations."

Stapleton, in his answer to the complaint, asserted that Wilmington had filed its suit too late under Code of Civil Procedure section 338, which, relevant here, states: "An action for relief on the ground of fraud or mistake" must be brought within three years of "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (Code Civ. Proc., § 338, subd. (d).)

Stapleton later sought summary judgment on that ground. His argument was twofold. First, he argued that MERS (and thus Wilmington, as MERS's successor) had constructive notice of the error in the deed of trust in 2006, when Stapleton's predecessors recorded the corrective grant deed and his wife recorded the corrective interspousal transfer grant deed. Second, he argued that Bank of America (and thus Wilmington, as Bank of America's successor) had actual notice of the title defect in 2013 because, at that time, Bank of America's agent, Ursus Advisors LLC, sent him a letter discussing the title defect. Stapleton alleged that he received a total of three letters from Ursus Advisors. In the first letter, which was dated November 2013, Ursus Advisors said it "ha[d] been engaged by Bank of America . . . to oversee resolution of certain issues

---

[1] In a footnote, Stapleton asks us to "take judicial notice of the complaint filing date, causes of action alleged, and dismissal date." We deny the request. The proper procedure for requesting judicial notice is through a motion, not a footnote. (Cal. Rules of Court, rule 8.252(a).) In any event, no one disputes that Bank of America filed its complaint in 2015, sought reformation of the deed of trust, and dismissed its suit in 2017.

affecting title on [Stapleton's] property," enclosed a document to modify the deed of trust and requested Stapleton's "assistance" in resolving the issue. In the second and third letters, which were dated May 2014 and August 2014, respectively, Ursus Advisors again requested Stapleton's cooperation in the matter.

Wilmington afterward filed its own motion for summary judgment. Because, it alleged, the undisputed facts showed that the parties intended the deed of trust to cover the whole of Stapleton's property, reformation of the deed of trust was proper as a matter of law. It also disputed Stapleton's defense under Code of Civil Procedure section 338. First, on Stapleton's constructive notice claim, Wilmington asserted that the recording of the corrective deeds in 2006 provided neither actual notice nor constructive notice to MERS about the title issue, as "[t]he recordation of a document or instrument in the public records imparts constructive notice only to a subsequent purchaser or encumbrancer. It does not give notice to the parties to the recorded document or to persons who acquired a prior recorded interest." Second, on Stapleton's actual notice claim, Wilmington asserted that Stapleton's argument was premised entirely on inadmissible evidence, namely, the three Ursus Advisors letters. It reasoned, among other things, that the letters were inadmissible on hearsay grounds.

The trial court later granted Wilmington's motion and denied Stapleton's own. It found that Wilmington had met its initial burden to show that it was entitled to a judgment as a matter of law, and it found unpersuasive Stapleton's argument under Code of Civil Procedure section 338. (See Code Civ. Proc., § 437c, subd. (p)(1) [after a plaintiff that has moved for summary judgment "prove[s] each element of the cause of action entitling the party to judgment on the cause of action," the burden shifts to the defendant "to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto."].) Agreeing with Wilmington, it concluded that the "recordation of a document does not give notice to the parties to [previously] recorded documents, or to persons who acquired a prior recorded interest." And although the court

5

admitted Ursus Advisors letters into evidence over Wilmington's objections, it found that Stapleton "fail[ed] to submit evidence that Bank of America had actual knowledge of the letters sent by Ursus Advisors, or authorized the communications." The trial court afterward entered judgment in Wilmington's favor.

## DISCUSSION

On appeal, Stapleton first argues that the trial court should have granted his motion for summary judgment because Wilmington filed its suit too late under Code of Civil Procedure section 338. That statute, again, provides that "[a]n action for relief on the ground of fraud or mistake" must be brought within three years of "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (Code Civ. Proc., § 338, subd. (d).) Repeating his arguments from the trial level, Stapleton asserts that Wilmington had constructive notice of the parties' mutual mistake in the deed of trust in 2006 and actual or imputed knowledge of the parties' mistake in 2013. Under either theory, Stapleton argues, Wilmington's suit in 2018 to reform the deed of trust came too late. We find neither argument persuasive.

We start with Stapleton's constructive notice claim. Stapleton asserts that MERS (and thus its successors, including Wilmington) had constructive notice of the defective property description in the deed of trust in 2006 because, late that year, Stapleton's predecessors recorded a corrective grant deed and his wife recorded a corrective interspousal transfer grant deed to address similarly defective property descriptions in the 2004 grant deed and 2004 interspousal transfer grant deed. Stapleton reasons, it appears, that a party to a recorded document concerning a property (in this case, MERS), has constructive notice of all subsequent recorded documents affecting that same property. We disagree.

A properly recorded document involving the "conveyance of real property . . . [provides] constructive notice of the contents thereof to *subsequent* purchasers and mortagees." (Civ. Code, § 1213, italics added; see also *Citizens for Covenant*

6

*Compliance v. Anderson* (1995) 12 Cal.4th 345, 355.)  It does not provide constructive notice to *previous* purchasers and mortagees.  (*Berendsen v. McIver* (1954) 126 Cal.App.2d 347, 354 [Civ. Code § 1213 "provides for constructive notice to 'subsequent purchasers and mortgagees' only."]; *Krause v. Marine Trust & Savings Bank* (1928) 93 Cal.App. 681, 685 ["The public record of any instrument which is by law required to be recorded, or which is entitled to be recorded, is constructive notice only as to *subsequent* purchasers or interested parties.  A prior purchaser or interested party is not affected thereby."].)  We thus decline to find that MERS (the mortgagees' nominee starting in 2004) had constructive notice of the defective property description in 2006 simply because the corrective grant deeds were recorded at that time.

We turn next to Stapleton's actual or imputed knowledge claim.  Stapleton's argument here is premised on the three letters from Ursus Advisors—the purported agent of Bank of America, which, again, was MERS's successor and Wilmington's predecessor.  According to Stapleton, because Ursus Advisors knew in 2013 that the deed of trust covering Stapleton's property contained an error, Bank of America also knew of the error in 2013 under principles of agency.  (Civ. Code, § 2332 ["As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other."].)  We reject this claim too.

To establish that Ursus Advisors acted as Bank of America's agent, Stapleton's briefing relies solely on the three Ursus Advisors letters in which Ursus Advisors claimed it was Bank of America's agent.  But these letters were not, in themselves, sufficient to establish Ursus Advisors authority to act on the bank's behalf.  As our Supreme Court long ago explained, "[a]gency is not provable by the mere declarations of the agent, not made under oath or in the presence of the principal, unless communicated to and acquiesced in by the principal."  (*Union Constr. Co. v. Western Union Telegraph Co.* (1912) 163 Cal. 298, 305; see also *Frank Pisano & Associates v. Taggart* (1972)

29 Cal.App.3d 1, 14 ["the declarations of an agent, other than his own testimony, are not admissible to prove agency"]; *Hill v. Barner* (1908) 8 Cal.App. 58, 69; 1 Witkin, Cal. Evid. (5th ed. 2020) Hearsay, § 121, p. 953 ["The agent's declarations cannot prove the *fact* of agency or authority; the existence of the relationship must be shown independently, e.g., by *testimony* of the agent or another."].) Considering the three Ursus Advisors letters alone, then, we cannot agree that Ursus Advisors acted as Bank of America's agent and thus cannot agree that Stapleton was, as he argues, entitled to judgment in his favor based on this claimed agency relationship.[2]

Stapleton next argues that, at the very least, the trial court should have granted him a continuance because he "rais[ed] the need for further discovery at oral argument." But he cites nothing in the record showing he even requested a continuance. Nor does he even supply the transcript for the hearing on the parties' motions for summary judgment. We treat the point as forfeited as a result. (Cal. Rules of Court, rule 8.204(a)(1)(C) [each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."]; *Jumaane v. City of Los Angeles* (2015) 241 Cal.App.4th 1390, 1406 [courts "may disregard any claims when no reference [to the record] is furnished."].)[3]

_____

[2] At oral argument, Stapleton's counsel pointed to an additional record that he said demonstrates Ursus Advisors authority to act on Bank of America's behalf. In particular, he cited a declaration from Ursus Advisors director stating that Bank of America had hired Ursus Advisors—a declaration that Stapleton filed with his motion for reconsideration following the trial court's ruling. We decline, however, to consider new factual matters raised for the first time at oral argument. (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6 ["An appellate court is not required to consider any point made for the first time at oral argument, and it will be deemed waived."].)

[3] Wilmington asserts that Stapleton's statute-of-limitations argument also fails because it is premised on a statute, Code of Civil Procedure section 338, that is inapplicable. In Wilmington's telling, because this action is one to enforce the terms of a deed of trust, the relevant statute of limitations derives from either Code of Civil Procedure section 336a,

8

DISPOSITION

The judgment is affirmed.  Wilmington is entitled to recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

_____\s_____,
BLEASE, Acting P. J.

We concur:

_____\s_____,
HULL, J.

_____\s_____,
DUARTE, J.

---

subdivision (b), or Commercial Code section 3118, subdivision (a).  But because we reject Stapleton's arguments on other grounds, we need not address this alternative argument.