Filed 2/20/25  Estate of Cabrera CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Estate of EVARISTO CABRERA et al., Deceased. | H051555 (Santa Cruz County Super. Ct. No. 23PR00234) |
| SERGIO CABRERA,  Petitioner and Respondent,  v.  OSCAR AMEZCUA CABRERA,  Objector and Appellant. | |

Petitioner Sergio Cabrera petitioned to reform a deed for real property he owned with his parents, decedents Evaristo and Virginia Cabrera.  He alleged that the 1991 deed incorrectly listed the owners as tenants in common when their mutual intention was to hold the property as joint tenants.  Objector Oscar Amezcua Cabrera opposed the petition, arguing that the deed was accurate, and raising laches and statute of limitations defenses.  The probate court granted the petition after an unreported hearing, reforming the deed to vest title in petitioner and his now deceased parents as joint tenants.  Objector argues on appeal that the probate court was wrong to reject his defenses.  For the reasons explained here, we will affirm the order.

# I.    PROBATE COURT PROCEEDINGS

A grant deed recorded in 1991 vested title to real property in the City of Watsonville in petitioner and decedents, as follows:  "Sergio Cabrera an unmarried man as to an undivided 1/2 interest; Evaristo H. Cabrera and Virginia G. Cabrera husband and wife as joint tenants as to an undivided 1/2 interest as tenants in common."  (Some capitalization omitted.)

Petitioner commenced this action to reform the deed in 2023.  (Citing Prob. Code, § 850.)  The verified petition alleged that petitioner purchased the subject property with his parents because he was "too young to qualify for financing."  They "intended title to the Property to be held in joint tenancy between the Petitioner and Decedents."  The petition cited escrow instructions that were attached to the petition.  The printed escrow instructions listed title as follows:  "Sergio Cabrera, an unmarried man and Evaristo H. Cabrera and Virginia G. Cabrera, husband and wife as."  (Some capitalization omitted.)  There are handwritten notes on the escrow instructions.  One handwritten arrow points to petitioner's name with the note, "1/2 int."  Another arrow points to decedents' names with the note, "1/2 int."  And at the end of the title description is handwritten, "Joint Ten[illegible]."

The petition alleged that the "escrow officer did not explain that in order for the three owners to be joint tenants, they would need to be equal 1/3 owners."  And because "Petitioner and Decedents did not need to sign the Grant Deed, they did not have the opportunity to question the titling, nor did they later have the opportunity to learn that titling was incorrect."  The petition alleged the grant deed's "titling was a mistake and not what Petitioner and Decedents intended."  Decedents died intestate.  The petition alleged the property "flooded in the recent storms and Petitioner cannot seek FEMA disaster assistance without all property owners joining the FEMA application."

Petitioner sought an order reforming the grant deed to reflect that he and decedents held the property as joint tenants.  The petition included the names and contact

information for decedents' heirs, including objector. Petitioner "believe[d] that all of Decedents' children and grandchildren will consent to this petition." The petition and a notice of hearing were served on the heirs named in the petition.

Objector filed written opposition. He urged that decedents' "wishes were a distribution of estate real property to transfer to their Heirs, not exclusively to a single son," petitioner. He also argued the petition was barred by the applicable statute of limitations and asserted laches as an affirmative defense.

The probate court granted the petition at a hearing where no court reporter was present. A settled statement certified by the probate court indicates the court heard no testimony and no party introduced any additional exhibits. (Cal. Rules of Court, rule 8.137.) The court entered an order finding the allegations in the petition true and overruling all objections. The grant deed was "reformed to reflect that title between SERGIO CABRERA, EVARISTO H. CABRERA, and VIRGINIA G. CABRERA shall be joint tenancy as to all three owners." The order confirmed petitioner is the sole surviving joint tenant.

## II.    DISCUSSION

As a preliminary matter, we note that petitioner's responsive brief was not timely filed. Petitioner filed his respondent's brief late, one day after the default period. (Cal. Rules of Court, rule 8.220. Nonetheless, the objection to the respondent's brief as untimely is overruled. (Cal. Rules of Court, rule 8.60(b) ["Except as these rules provide otherwise, for good cause ... the Chief Justice or presiding justice may extend the time to do any act required or permitted under these rules."].)

### A. SUBSTANTIAL EVIDENCE SUPPORTS THE PROBATE COURT'S DECISION

Probate Code section 850 allows an interested person to petition the probate court for an order determining property rights where the "decedent died in possession of, or holding title to, real or personal property, and the property or some interest therein is claimed to belong to another." (Prob. Code, § 850, subd. (a)(2)(C).) "When, through

3

fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." (Civ. Code, § 3399; see *Reclamation Dist. No. 833 v. Quigley* (1937) 8 Cal.2d 183, 186 [applying Civ. Code, § 3399 to a deed reformation action].)

We review the probate court's decision, which resolved conflicting allegations and evidence, for substantial evidence. (See *Estate of Young* (2008) 160 Cal.App.4th 62, 75–76 (*Young*) [Prob. Code, § 850]; *Shupe v. Nelson* (1967) 254 Cal.App.2d 693, 700 [Civ. Code, § 3399].) *Young* explains that de novo review is sometimes appropriate in a Probate Code section 850 appeal, such as when the evidence is undisputed or where there is disputed evidence but issues of law predominate. But the *Young* court applied the substantial evidence standard where "Young was no longer present to give her version of the events, so the trial court had to evaluate the evidence as given by the remaining participants, to aid in interpreting the documents." (*Young*, at p. 75.)

Petitioner alleged in the verified petition that his and decedents' mutual intention when purchasing the property was to hold title as joint tenants. The typed escrow instructions attached to the petition do not indicate how title would be held. There is no reference to a tenancy in common. The typed instructions were modified by handwritten additions that included the words, "Joint Ten[illegible]," with petitioner's and decedents' initials appearing underneath. Those handwritten additions are consistent with petitioner's allegation about the purchasers' mutual intention to hold the property as joint tenants. The foregoing is sufficient to support the probate court's decision to reform the deed.

Objector's only substantive challenge to that evidence is the allegation that decedents' "wishes were a distribution of estate real property to transfer to their Heirs, not exclusively to a single son," petitioner. But objector offered no evidence to support

4

that allegation, which the probate court's decision implicitly rejected. "We may not reweigh the evidence and are bound by the trial court's credibility determinations." (*Young*, *supra*, 160 Cal.App.4th at p. 76.)

Objector argues for the first time on appeal that the escrow instructions are "false evidence" that was "neither signed or validated by [the] escrow officer." Objector forfeited that argument by not raising it in the probate court. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591–592 ["arguments raised for the first time on appeal are generally deemed forfeited."]; *In re S.B.* (2004) 32 Cal.4th 1287, 1293 ["The purpose of this [forfeiture] rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected."].) Even if objector had preserved the issue, the probate court implicitly found petitioner's evidence credible. We will not second guess the probate court's credibility determinations.

Petitioner alleged that he "believe[d] that all of [decedents' heirs] will consent to this petition." Each heir was served with a copy of the petition, and objector exercised his rights by filing a written objection. Although objector argues there is "no record" to support petitioner's allegation that all "family members agreed with his position," there is nothing improper about an allegation made on information and belief, and objector has suffered no prejudice from it.

**B. OBJECTOR'S DEFENSES WERE PROPERLY REJECTED**

### 1. Statute of Limitations

The parties agree that as an "action for relief on the ground of fraud or mistake," the statute of limitations for the petition was three years. (Code Civ. Proc., § 338, subd. (d); *Estate of Yool* (2007) 151 Cal.App.4th 867, 874, fn. 5 ["Generally speaking, the claim underlying a [Prob. Code] section 850 petition in probate is subject to the same statute of limitations that would apply had an ordinary civil suit been brought."].) But a cause of action on the ground of fraud or mistake "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

5

(Code Civ. Proc., § 338, subd. (d).) "There are no hard and fast rules for determining what facts or circumstances will compel inquiry by the injured party and render him chargeable with knowledge." (*United States Liability Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 597.) "It is a question for the trier of fact." (*Ibid.*) We review the probate court's resolution of that factual issue for substantial evidence. (See *Arthur v. Davis* (1981) 126 Cal.App.3d 684, 690 [quiet title action not time barred by where substantial evidence supported the finding that the discovery rule applied].)

The petition alleged that because neither petitioner nor decedents were required to sign the deed, "they did not have the opportunity to question the titling, nor did they later have the opportunity to learn that titling was incorrect." Petitioner discovered that the "titling was a mistake and not what Petitioner and Decedents intended" only after the property "flooded in the recent storms." The petition did not specify a date, other than by referring to the storms as "recent." But in reviewing a decision for substantial evidence "we must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the judgment." (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630.) Implicit in the probate court's order is a finding that petitioner discovered the title mistake within three years before filing the petition. On this record, substantial evidence supports that finding and objector has failed to affirmatively demonstrate error.

Objector argues that the petition should have been denied because it was filed more than 30 years after the grant deed was recorded. But it is petitioner's discovery of the mistake in title that triggered the statute of limitations, not the date the deed was recorded. Objector characterizes as "frivolous" petitioner's allegation that he did not discover the mistake in title until after the property was damaged from flooding, but objector provides no evidence to support that assertion.

Objector contends the petition was untimely because the 1991 grant deed gave petitioner constructive notice of the form of title. (Citing Civ. Code, §§ 1213 ["Every

6

conveyance of real property ... recorded as prescribed by law from the time it is filed with the recorder for record is constructive notice of the contents thereof to subsequent purchasers and mortgagees"], 19 ["Every person who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he or she might have learned that fact."].)

*Berendsen v. McIver* (1954) 126 Cal.App.2d 347 (*Berendsen*) considered and rejected similar arguments in a case with similar facts. Berendsen and McIver were named as joint tenants on a deed for certain real property. (*Id.* at p. 349.) A dispute arose about title to the property after Berendsen died. The executor of Berendsen's estate sued to quiet title, alleging that the property was purchased by Berendsen and McIver as tenants in common, but that due to a scrivener's mistake "a 'joint tenancy' form deed was used." (*Ibid.* at p. 349.) The executor sued within four months after discovering the mistake. (*Id.* at p. 354.) The appellate court determined that the complaint was timely under the discovery rule even though it was "filed over six years after the execution and recording of the deed and more than three years after the death of Berendsen." (*Ibid.*) The court determined that Civil Code section 1213 did not provide constructive notice to Berendsen (or his estate) because that section "provides for constructive notice to 'subsequent purchasers and mortgagees' only." (*Berendsen*, at p. 354.) It "does not apply to a grantee of the particular deed recorded." (*Ibid.*) And Civil Code section 19 did not apply because the defendant "point[ed] to no evidence in the case of actual notice of such circumstances" that would put a prudent person on notice. (*Berendsen,* at p. 355.) We apply the reasoning of *Berendsen* here and conclude that the mere fact of the deed having been recorded, without more, does not compel a finding that petitioner had constructive knowledge of its content.

7

### 2. Laches

"The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay." (*Conti v. Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 359, fn. omitted.) "Generally speaking, the existence of laches is a question of fact to be determined by the trial court in light of all of the applicable circumstances, and in the absence of manifest injustice or a lack of substantial support in the evidence its determination will be sustained." (*Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624.) Under that standard, "an appellate court defers to the trial court's weighing of the equities of the delay and prejudice and affirms so long as the application or denial of laches does not result in manifest injustice, but considers whether the trial court's factual findings are supported by substantial evidence." (*City of Hesperia v. Lake Arrowhead Community Services Dist.* (2023) 93 Cal.App.5th 489, 513.)

By granting the petition, the probate court implicitly rejected objector's laches argument. The probate court could reasonably excuse delay based on petitioner promptly seeking to reform the deed after a flooding event that led to inspection of the form of title. Objector has not demonstrated error in the trial court's decision.

### III. DISPOSITION

The order is affirmed. Each party shall bear its own appellate costs. (Cal. Rules of Court, rule. 8.278(a)(5).)

_____
Grover, Acting P. J.

**WE CONCUR:**

_____
Lie, J.

_____
Wilson, J.

H051555
*Cabrera v. Cabrera*